TULLER *v.* WAYNE CIRCUIT JUDGE.

1. RECEIVERS — APPOINTMENT OF RECEIVER WITHOUT NOTICE IS MATTER OF JUDICIAL DISCRETION.

   The appointment of a receiver without notice is entirely a matter of judicial discretion; the power to make the appointment without notice being inherent in a court of equity, it follows that want of notice does not affect the validity of the appointment in reference to whether it is void, but merely concerns it as being the proper or improper exercise of sound judicial discretion.

2. SAME — ABUSE OF DISCRETION — EMERGENCY JUSTIFIES APPOINTMENT OF RECEIVER WITHOUT NOTICE.

   There was no abuse of judicial discretion in the appointment of a receiver without notice, where defendant evaded all efforts to serve notice, and opportunity was afforded

his counsel to show cause why the order of appointment should be set aside, in view of the emergency existing as disclosed by allegations in a judgment creditor's bill to the effect that plaintiff had obtained a judgment against defendant in the sum of $58,466.57; that a writ of execution was returned unsatisfied; that defendant has conveyed land and properties of great value and received therefor other lands and properties, the titles to which were taken in the names of others; that defendant has an interest in certain stocks and bonds which he has pledged; and that he is beneficially interested in many corporations, companies, or copartnerships.

3. MANDAMUS—RECEIVERS—WHETHER MANDAMUS PROPER REMEDY NOT CONSIDERED.

Whether mandamus is the proper remedy for reviewing an order appointing a receiver without notice is not discussed or passed upon, in view of the conclusion reached that there was no abuse of discretion in making said order, and the importance of a speedy decision of the question presented.

Mandamus by Lew W. Tuller to compel Clyde I. Webster, circuit judge of Wayne county, to vacate an order appointing a receiver. Submitted April 10, 1928. (Calendar No. 33,600.) Writ denied June 22, 1928.

*Edward N. Barnard,* for plaintiff.

*Campbell, Bulkley & Ledyard* (*Wilson W. Mills, Edward C. P. Davis,* and *Edgar C. Howbert,* of counsel), for defendant.

SHARPE, J. On December 2, 1927, the Security Trust Company, a Michigan corporation, filed a bill of complaint in the circuit court for the county of Wayne, in chancery, in the nature of a judgment creditor's bill against Lew W. Tuller, the defendant therein. The appointment of a receiver and the issuance of an injunction were prayed for. A temporary injunction

restraining the defendant from disposing of his property was issued on the filing of the bill.   The court also made an order that unless the defendant show cause to the contrary on December 7, 1927, an order appointing a receiver, naming him and fixing the amount of his bond, would be granted.   This order directed that a copy of the bill, injunction, and summons issued be served on defendant at least 24 hours before the time set for showing cause.   On filing proof of inability to serve a copy of this order, the court extended the time for such service to December 12th.   On that date the plaintiff therein filed an affidavit of the person who had been employed to make such service.   It may be said, without embodying it herein, that it disclosed that a painstaking effort had been made to make such service; that he had spent hours in the lobby of the hotel conducted by defendant, and had sought access to what he was informed was defendant's room therein, and that he had visited a home said to be that of defendant, and had been unable to find him; that he had been informed that defendant had procured gasoline at a filling station on the morning of December 9th, but, despite "all his efforts and despite his great diligence," he had been unable to find him in order to make such service.   On the filing of this affidavit, the court made an order appointing a receiver agreeable to the order *nisi* theretofore made.

On December 15th, the defendant therein, appearing specially by an attorney, moved to set aside this order because made without notice to him.   The court adjourned the hearing until the following Wednesday, and advised defendant's attorney that he would then consider any reasons which might be advanced why a receiver should not be appointed.   He did not appear at the time set.   The court then filed a written opinion in which he stated that he was satisfied "that every

*bona fide* effort was made to serve the defendant with the orders to show cause and that defendant was deliberately evading service," and entered an order denying the motion. Thereafter, this court granted an order that defendant herein show cause why the order appointing a receiver should not be vacated. His return thereto is before us.

Counsel for the plaintiff herein relies upon the many decisions of this court holding that the owner of property may not, by an *ex parte* order or process, be deprived of the possession thereof. *People* v. *Simonson,* 10 Mich. 335; *Salling* v. *Johnson,* 25 Mich. 489; *Goldman* v. *Manistee Circuit Judge,* 155 Mich. 47. It did not, however, appear in any of these cases that process had been issued against the defendant and a *bona fide* effort made to obtain service upon him. It is alleged in the bill of complaint that the plaintiff named therein, on October 29, 1927, obtained a judgment against the defendant in the sum of $58,466.57; that a writ of execution issued thereon was returned unsatisfied; that the defendant has conveyed lands and properties of great value to others and received therefor certain other lands and properties, the titles to which were taken in the names of other persons; that the defendant has an interest in certain stocks and bonds which he has pledged, and that he is beneficially interested in many corporations, companies, or copartnerships. There are many other and more specific allegations of like import, made on information and belief.

The allegations in the bill, if supported by sufficient proof, would justify the order made appointing a receiver, had notice been given, even though, as stated in *Sanford* v. *Newell,* 204 Mich. 91, the power should be exercised "in rare cases, of special emergency, where imminent danger of loss of the *corpus* of the litigation or irreparable injury is clearly shown." The only case in our courts which we have been able to discover

in which such an appointment was made without notice is *W. R. Reynolds & Co.* v. *Gordon,* 234 Mich. 189.   The bill in that case was filed for the foreclosure of a land contract, an accounting, and the appointment of a receiver.   One of the defendants, the lessee of the premises, was not served.   The opinion affirming the order, written by the late Mr. Justice SNOW, may be read with profit.   It certainly sustains the claim here made that the defendant herein had the inherent power to make such an appointment without notice. The exercise of his discretion in doing so is, of course, subject to review.   This holding is supported by the great weight of authority.   In 2 Tardy's Smith on Receivers (2d Ed.), it is said, at page 1968 *et seq.*:

"Considerable confusion exists among the decisions as to when it is proper to make an *ex parte* appointment of a receiver.   This confusion is caused by the failure to distinguish in such appointments between chancery receivers and statutory receivers, the variations of statutes upon the subject and the consequent variance of precedents based on such statutes, and upon the natural difficulty arising from the use of discretion as to what facts and circumstances warrant the exercise of a discretionary power of such importance."

After referring to the fact that the placing of property in the possession of a chancery receiver is for the purpose of preservation and in no way affects the title thereto, the writer continues:

"It is obvious that the right of a court of equity to appoint a receiver *ex parte* for the preservation of property is an inherent part of its equity powers. Without such an authority its power to determine the controversy might be rendered nugatory by an absconding defendant or one who was secreting and disposing of the property in litigation.   The rule in respect to *ex parte* appointments of receivers may be stated as follows:   A receiver may be appointed without notice where the defendant is beyond the jurisdiction of the court or can not be found or where some emergency is shown rendering the appointment, before the giving

of notice, necessary to prevent imminent and irreparable injury, waste, destruction or loss, or when notice itself will jeopardize the delivery of the property over which the receivership is to be extended. The situation must be such as to be of such imperious necessity that it requires immediate action and of a character that no other protection can be accorded to the plaintiff. The appointment of a receiver without notice is a matter of judicial discretion, unless controlled by statute, and its absence does not render the appointment void but merely concerns the question as to whether the making of it was a proper or improper exercise of judicial discretion, the abuse of which would merely render the appointment erroneous and subject to direct but not collateral attack. But being the exercise of an extraordinary power it should be exercised only in cases of great emergency and even then the defendant should be afforded a speedy opportunity to make a motion to vacate it."

The question is discussed at length in Alderson on Receivers, p. 156 *et seq.*, and the conclusion reached is stated as follows (p. 168) :

"The appointment of a receiver without notice is entirely a matter of judicial discretion. The power to make the appointment without notice is inherent in a court of equity. It follows logically that want of notice does not affect the validity of the appointment in reference to whether it be void, but merely concerns it as being the proper or improper exercise of sound and judicial discretion. An abuse of such discretion would merely render the appointment erroneous, subject only to direct and not collateral attack."

In Kerr on Receivers (8th Ed.), 156, it is said that such an appointment should be made without notice only in a case—

"where a party whose interest is sought to be affected by the judgment is out of the jurisdiction if the case is urgent, or *where service is impossible* or his residence is unknown."

See, also, 34 Cyc. p. 19 *et seq.;* 23 R. C. L. p. 39.

In *Anderson* v. *Hultberg*, 117 Ill. App. 231, 240, the question is discussed at length. While holding in a judgment creditor's suit that "Only in cases of exceptional occurrence and emergency is this proper or justifiable," the court said:

"But whether or not any particular case so falls within the proper application of it as to make the action of the trial court such an abuse of the undoubted discretion with which such court is invested in this regard, as to be erroneous, is a question necessarily often of much difficulty and dependent on the facts of that particular case. That the discretion does exist and *may* be used without being abused, there can be no doubt.· To this proposition this court is as fully committed as it is to the proposition that such discretion should only be used with great caution."

In *Taylor* v. *Easton*, 180 Fed. 363, 367, 103 C. C. A. 509, the court quoted approvingly from Alderson on Receivers the paragraph above quoted. The holding in this case was followed in *Lively* v. *Picton*, 218 Fed. 401, 408, 134 C. C. A. 189.

In view of the emergency existing at the time the bill was filed, as disclosed by the facts stated therein on the personal knowledge of the one who verified it, of the effort made to secure service on the defendant therein, and of the opportunity afforded his counsel to show cause why the order should be set aside, we are of the opinion that there was no abuse of discretion on the part of the trial court in making such order, and that the motion to set it aside was properly denied.

The writ of mandamus is denied, with costs to defendant.

In view of the conclusion reached, and the importance of a speedy decision of the question presented, we do not discuss or pass upon defendant's contention that mandamus is not the proper remedy for review.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.