*In re* RIDGLEY.

1. CONTEMPT—EXECUTION—APPROPRIATE REMEDY.

Where decree required delivery of specific thing, *i. e.*, certain fund, in contradistinction to payment of debt, writ of execution is not appropriate remedy, but decree may be enforced by contempt proceeding.

2. SAME—EFFECT OF ISSUING VOID EXECUTION.

That void execution has been taken, and void and ineffective levy made, does not affect right to enforce by contempt proceeding decree requiring delivery of certain fund, where no benefit has been derived therefrom by one party or injury suffered by other.

3. SAME—CIVIL REMEDIES.

Where execution may issue to collect decree for payment of money, proceeding by contempt to enforce civil remedy may not be resorted to.

4. SAME—CONTINUING COMMITMENT BEYOND THIRTY DAYS—STATUTES.

Commitment for contempt for failure to deliver specific fund as required by decree, having continued beyond 30 days, is justified, where finding of trial judge that it is still within plaintiff's power to comply with decree is sustained by proofs (3 Comp. Laws 1929, § 13929).

*Habeas corpus* proceedings by Walter Ridgley, with accompanying certiorari to Fred T. Miles, Allegan circuit judge, to obtain release from commitment to county jail for civil contempt. Submitted October 11, 1932. (Calendar No. 36,746.) Writs dismissed December 6, 1932.

*W. J. Barnard,* for plaintiff.

*Leo W. Hoffman* and *Clare E. Hoffman,* for defendant.

CLARK, C. J. In *Ridgley* v. *Ridgley*, 256 Mich. 359, it was held—

"that Walter had the money in his possession, or under his control, and the order of the trial court that he should forthwith pay it to the clerk of the court is affirmed"—

and decree was ordered accordingly.

Decree was entered "requiring the said defendant to, forthwith, pay to the clerk of this court the sum of $7,140.70," etc.

Later Walter Ridgley was committed for contempt, quoting from commitment:

"Now, therefore, in the name of the people of the State of Michigan, you are hereby commanded that you take the body of the said Walter Ridgley, if he shall be found in your county, and commit him to the county jail of the county of Allegan, and keep and detain him therein, under your custody, until he shall pay to the clerk of this court, the said sum of $7,588.99, for the said money so ordered to be due."

An execution was issued and returned unsatisfied. The circuit judge states that the execution was issued improvidently. On *habeas corpus* and accompanying certiorari, Ridgley seeks discharge.

It has been determined that when the decree was ordered Ridgley had the money in his possession and under his control. He was ordered to turn over that money. Of a like decree it was said in *Carnahan* v. *Carnahan*, 143 Mich. 390 (114 Am. St. Rep. 660, 8 Ann. Cas. 53):

"The decree requires delivery of the specific thing —*i. e.*, the fund—in contradistinction to the payment of a debt, and a writ of execution is not appropriate in such a case."

And there, as here, an execution had been issued improvidently, of which it was held:

"The fact that a void execution has been taken, and a void and ineffective levy made, does not affect the question; it being apparent that no benefit has been derived from it by the defendant and injury suffered by complainant."

So it appears that there is no offending of the rule that where execution may issue to collect a decree for the payment of money the proceeding by contempt to enforce a civil remedy cannot be resorted to.

The commitment of Ridgley having continued beyond 30 days, it must be justified within the exception of 3 Comp. Laws 1929, § 13929, which, after fixing maximum punishment, provides:

"Except in those cases where the commitment shall have been for the refusal to perform an act or duty which is still within the power of the party to perform."

So a pertinent inquiry is whether Ridgley still has the money under his possession and control. He denied that he has it, and made no other showing or explanation except to say he never had it, which, of course, is foreclosed by decree.

Against this is testimony of statements, declarations, or admissions of Ridgley indicating he still has the money or has it under his control.

The trial court found against him on this issue of fact, and the finding must be sustained. It still being within Ridgley's power to perform the decree, he can have no relief on his writs.

There is suggestion that the commitment is for more than failure to perform the decree, namely, to pay interest and costs, but it is not so construed.

Writs dismissed, with costs.

MCDONALD, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.