HOCHREIN *v.* GUNTHER.

1. Receivers—Fraudulent Conveyances.

Receiver appointed for property of judgment debtor has no authority over property in hands of transferee until and unless alleged fraudulent conveyance has been set aside (3 Comp. Laws 1929, § 15129).

2. Appeal and Error—Receivers—Final Account—Leave to Appeal.

Supreme Court will not pass upon order allowing final account where no leave to appeal therefrom has been obtained and there has been no final determination of issues raised by bill praying his appointment (Court Rule No. 60 [1931]; 3 Comp. Laws 1929, §§ 15136, 15508).

3. Costs — Dismissal of Appeal — Controlling Question Not Raised by Appellee's Brief.

Costs are not allowed on dismissal of appeal where controlling question is not raised in appellee's brief.

Appeal from Washtenaw; Sample (George W.), J. Submitted June 8, 1934. (Docket No. 93, Calendar No. 37,653.) Decided October 1, 1934. Rehearing denied December 11, 1934.

Bill by Henry J. Hochrein and Oscar Hochrein, copartners, doing business as H. J. Hochrein & Son, against Edmund E. Gunther, Gunther Gardens, a Michigan corporation, and H. Seger Hall, for the appointment of a receiver and other relief. From order allowing receiver's final account, defendants appeal. Appeal dismissed.

*Edward F. Conlin,* for plaintiffs.

*Griffin, Heal & Emery,* for defendants.

BUSHNELL, J.    Edmund E. Gunther was a florist
and plaintiffs are his judgment creditors on a labor
claim.    Gunther Gardens, Inc., took over all his
assets, paying Gunther in stock which he was en-
deavoring to sell in order to pay his creditors.
Plaintiffs filed a judgment creditor's bill and the
Ann Arbor Trust Company was appointed receiver
of the corporation without notice to defendants.    A
few days later Gunther filed a petition in bankrupt-
cy and Gunther Gardens was subsequently adjudi-
cated a bankrupt.    The receiver's final account
showing disbursements of $733.88 was ordered al-
lowed, from which order, according to appellants'
brief, this appeal is being prosecuted by authority
of the bankruptcy court for the benefit of the trustee
in bankruptcy and the creditors of the corporation.

Appellant Gunther Gardens, Inc., says the sole
question presented by this appeal is whether the
court may, upon *ex parte* application, appoint a re-
ceiver of a corporation in a proceeding instituted
neither by a stockholder nor a creditor of the cor-
poration.    Appellees claim the sole question in-
volved is: Has a court of equity the right to dis-
charge a receiver appointed by it *ex parte* when the
said receiver has acted in accordance with the
court's order and the good faith and propriety of
its acts are not questioned?

No application was made for leave to appeal from
the interlocutory order, and no leave has been
granted.    Court Rule No. 60 (1931), and 3 Comp.
Laws 1929, § 15508.

The Chief Justice has so recently discussed the
matter of *ex parte* appointments of receivers in
*Tuller* v. *Wayne Circuit Judge*, 243 Mich. 239, that
we shall not restate our views.    The instant applica-
tion resulted in a receiver being appointed for a

corporation of which petitioner was neither a stockholder nor a creditor.

Appellants describe plaintiffs' bill of complaint as a judgment creditor's bill. By its prayer a decree is sought determining that the corporate defendant holds Gunther's assets as a trustee for his creditors. 3 Comp. Laws 1929, § 15129, provides for the appointment of a receiver for the property of the judgment debtor but the receiver does not have authority over property belonging to others until and unless the alleged fraudulent conveyance has been duly set aside. 3 Comp. Laws 1929, § 15136, governs appellate procedure in such matters. Nowhere do we find any provisions for appeal except from a final order. The order allowing the receiver's account in the instant case is not a final order, for the reason that there has been no final determination of the issues raised by the bill. It is true that the record does not contain the answer of the defendant corporation. In fact, the record contains little except testimony pertaining to the account.

Without leave to appeal as required by Court Rule No. 60 (1931), we will not pass upon the order allowing the final account.

The appeal is dismissed, but without costs for the reason that the controlling question is not raised by the brief of appellees.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.