DAVIS v DAVIS

Docket No. 73075. Submitted March 21, 1984, at Detroit.—Decided June 14, 1984.

Defendant Calvin Davis, Jr., was ordered to pay child support pursuant to a judgment of divorce. He did not pay the support and, as a result, his wife Diesy Davis and the minor children of the marriage received aid to dependent children. Calvin Davis sought to recover workers' compensation benefits from his employer, Ford Motor Company. The Wayne Circuit Court was notified of the pending workers' compensation case and appointed the Wayne County Friend of the Court as receiver of any benefits which might be awarded to Calvin Davis. The order of appointment specifically stated that any funds due Calvin Davis from the workers' compensation award were to be paid to the friend of the court. A copy of the order was sent to and received by Ford. Subsequently, the workers' compensation matter was settled and Ford paid $1,636.25 directly to Calvin Davis. The friend of the court sought an order to show cause against Ford for its failure to comply with the court's order and Ford was held to be in contempt and ordered to pay the funds to the receiver, Arthur M. Bowman, J. Ford's motion for reconsideration was denied, Henry J. Szymanski, J., and Ford appealed. *Held:*

The fact that Ford Motor Company was not a party to the action appointing the receiver does not render the order of appointment unenforceable against Ford. Ford had no interest in the money other than the responsibility of delivering it to the receiver, and was on notice of its obligation before the obligation arose. Ford had adequate opportunity to bring any perceived error to the attention of the court prior to the time it was obligated to deliver the money. The order was enforceable against Ford.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTE
24 Am Jur 2d, Divorce and Separation §§ 764, 914, 1062.
65 Am Jur 2d, Receivers §§ 117, 118, 210, 211.

MOTIONS AND ORDERS — RECEIVERS — ENFORCEABILITY OF ORDER.
    An order appointing a receiver of any funds due a party and
    stating that any such funds are to be paid to the receiver is
    enforceable against the party's employer with regard to a
    workers' compensation award where the employer received
    notice of its obligation to deliver the funds to the receiver
    before that obligation arose and had an adequate opportunity
    to bring any perceived error to the court's attention prior to
    the time it was obligated to deliver the money.

*Edwin H. Comber,* for the Wayne County Friend of the Court.

*Alan S. Gorosh,* and *Conklin, Benham, McLeod, Ducey & Ottoway, P.C.* (by *Martin L. Critchell),* of counsel, for Ford Motor Company.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and S. J. LATREILLE,* JJ.

PER CURIAM. Defendant Ford Motor Company appeals as of right from the trial court's order denying Ford's motion for reconsideration of an order for payment of funds to a receiver.

Plaintiff Diesy Davis and defendant Calvin Davis, Jr., were divorced and defendant Davis was ordered to pay child support. He did not pay the support, resulting in an arrearage of $29,814.50 as of October 17, 1983. Because defendant Davis had not been paying the support, plaintiff Davis and the children received aid to dependent children; the arrearage in child support is thus owed to the Michigan Department of Social Services and the Wayne County Friend of the Court.

On December 2, 1981, defendant Davis brought a claim against defendant Ford Motor Company to recover workers' compensation benefits. On June 11, 1982, at a hearing on an outstanding bench

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

warrant for defendant Davis's arrest for nonsupport, the court was informed of the pending workers' compensation case against Ford and the Wayne County Friend of the Court was appointed receiver of any workers' compensation benefits that might be awarded to defendant Davis. The order appointing the receiver specifically stated that any funds due defendant Davis from the workers' compensation action were to be delivered to the Wayne County Friend of the Court. A copy of this order was mailed to Ford Motor Company on July 6, 1982, and defendant Ford received and signed for the order on July 7, 1982.

Defendant Davis and defendant Ford subsequently settled the workers' compensation dispute. On November 3, 1982, Ford Motor Company paid $1,636.25 directly to defendant Davis, contrary to the order appointing the receiver. When the friend of the court made inquiries about the money, a staff attorney with defendant Ford Motor Company responded by letter, stating that "[t]hrough inadvertance [sic] the plant was not aware of the fact that a receiver had been appointed".

The friend of the court sought an order to show cause against Ford Motor Company for its failure to comply with the order appointing the receiver. After a hearing, defendant Ford was held in contempt and ordered to pay the funds to the receiver.

On appeal, defendant Ford Motor Company argues that an order appointing a receiver on behalf of an employee's wife in a support case cannot be enforced against the employee's employer when the employer is sued for workers' disability compensation. Specifically, Ford argues that the order in this case is unenforceable against it because Ford was not a party to the civil action giving rise

to the order nor in privity to a party to that action and, therefore, the court never acquired jurisdiction over Ford. We believe that Ford has misperceived the nature of the order appointing the receiver. Ford was not a necessary party to this action because its presence was not "essential to permit the court to render complete relief" in its order. GCR 1963, 205.1. Ford had no interest in the money sought to be collected, other than the responsibility of delivering it to either the receiver or defendant Davis. Finally, Ford had received notice of its obligation to deliver the funds to the receiver *before* that obligation arose; if Ford believed that an error had occurred, Ford had an adequate opportunity to bring that error to the court's attention prior to the time Ford was obligated to deliver the money. We note that Ford did not claim that *its* interests had been affected by the order until after it had improperly delivered the money to defendant Davis. For these reasons, we believe the order appointing the receiver was enforceable against Ford Motor Company. 1 Clark on Receivers (3d ed), Ch VIII, § 250(a), pp 362-363.

We also reject defendant Ford's claim that the order appointing the receiver did not instruct the employer to deliver the money to the receiver. The order specifically required delivery of the money to the receiver, and the order was properly served on defendant Ford.

Plaintiff friend of the court has requested that this Court award it costs and attorney fees on appeal pursuant to GCR 1963, 816.5, because defendant Ford's appeal is vexatious. However, while we agree that defendant Ford has misunderstood the nature of the concept of a receiver, we decline to assess such an award.

Affirmed.