*In re* CONTEMPT OF CORNBELT BEEF CORPORATION

Docket No. 85152. Submitted April 9, 1986, at Detroit. Decided May 22, 1987.

Anita Patterson brought a paternity action in Wayne Circuit Court against Archie L. Brewer. Brewer acknowledged paternity and an order of filiation was entered in January, 1977, requiring Brewer to make certain weekly support payments during the child's minority. In January, 1981, Brewer was injured in the course of his employment by Cornbelt Beef Corporation. Brewer failed to make the child support payments, a bench warrant was issued, and, following hearings on the arrearages in those payments, the court, Marvin R. Stempien, J., appointed the Wayne County Friend of the Court as receiver of any funds that might be paid as a result of Brewer's workers' disability compensation claim. Cornbelt Beef was sent on July 10, 1983, a certified letter containing a copy of the order appointing the receiver, and an employee of Cornbelt accepted delivery of that letter on the following day. In March, 1984, Cornbelt Beef's workers' disability compensation insurer, Ohio Casualty Group, proposed that Brewer's claim be redeemed for $5,000 and, with Cornbelt's consent, the claim was redeemed and Brewer received $3,980. After learning in March, 1985, of the payment to Brewer, the receiver secured an order to show cause why Cornbelt Beef had failed to comply with the receivership order. Following a show cause hearing, a Friend of the Court referee recommended a judgment in favor of the receiver and against Cornbelt Beef in the amount of $5,000 plus costs. Cornbelt Beef sought review by the circuit court. Following a hearing, the circuit court, Richard D. Dunn, J., affirmed the referee's recommendation that Cornbelt Beef be held in contempt of court for its failure to comply with the receivership order, and a judgment was entered in the amount

REFERENCES

Am Jur 2d, Contempt §§ 1 *et seq.*; 18.

Am Jur 2d, Receivers §§ 179 *et seq.*

See the annotations in the Index to Annotations under Receivers and Receiverships.

See the annotations in the Index to Annotations under Workers' Compensation.

of $3,980, the amount actually received by Brewer. Cornbelt Beef appealed.

The Court of Appeals *held:*

1. The circuit court had the power to punish Cornbelt Beef for contempt arising out of any neglect, violation of duty or misconduct with respect to compliance with the receivership order. Further, the court had the power to order Cornbelt Beef to pay the receiver any amounts which should have been paid to the receiver.

2. Cornbelt Beef is not absolved of liability for the failure to comply with the receivership order by reason of the fact that it was its insurer who actually paid Brewer.

3. The circuit court had the power to issue the receivership order. There was no obligation on the part of the receiver to serve a copy of the receivership order on Cornbelt Beef's insurer.

4. The receivership order was not rendered ineffective by reason of the fact that Cornbelt Beef was not a party to the underlying action and did not receive actual notice of that action.

5. Since Cornbelt Beef received actual notice of the receivership order, any arguments as to the manner of service are without merit.

6. The judgment was equitable and Cornbelt Beef was not deprived of due process.

Affirmed.

1. CONTEMPT — WORKERS' COMPENSATION — RECEIVERS — INSURERS.

A circuit court has the power to enter a contempt of court order where an employer settles a workers' disability compensation claim with an employee by redeeming the claim with a direct payment to the employee after the employer had been served with an order of the court requiring that any such settlement be paid to a court-appointed receiver in a pending paternity action; the fact that the employer's insurer and not the employer itself made the payment to the employee does not absolve the employer from the effect of the order requiring that payment be made to the receiver nor is the employer absolved of liability for the failure to satisfy the receivership order by reason of the fact that the receivership order was not served on the employer's insurer.

2. MOTIONS AND ORDERS — RECEIVERS — ENFORCEABILITY OF ORDER.

An order appointing a receiver of any funds due a party and stating that any such funds are to be paid to the receiver is

enforceable against the party's employer with regard to a workers' compensation award where the employer received notice of its obligation to deliver the funds to the receiver before that obligation arose and had an adequate opportunity to bring any perceived error to the court's attention prior to the time it was obligated to deliver the money.

*Edwin H. Comber,* for Wayne County Friend of the Court.

*Robert M. Goldschmid,* for Cornbelt Beef Corporation.

Before: BEASLEY, P.J., and D. E. HOLBROOK, JR., and D. L. SULLIVAN,* JJ.

PER CURIAM. Cornbelt Beef Corporation appeals as of right from the judgment entered in circuit court finding it guilty of contempt for failure to comply with the terms of a receivership order. We affirm.

On March 27, 1976, Anita Patterson gave birth to a child and, thereafter, a paternity action was instituted against Archie L. Brewer. Brewer acknowledged paternity and an order of filiation was entered on January 18, 1977. Brewer was required to pay support in the amount of $7 per week until April 1, 1977, and $10 per week thereafter during the child's minority. He was also ordered to pay confinement expenses for the birth of the child in the amount of $2,900.56 at the rate of $7 per week until April 1, 1977, and $10 per week thereafter.

Sometime after the order of filiation was entered, Brewer became an employee of Cornbelt. On January 16, 1981, Brewer was injured in the scope of his employment and, thereafter, filed a worker's compensation claim. The claim was handled for Cornbelt by its insurance carrier, Ohio Casualty

* Circuit judge, sitting on the Court of Appeals by assignment.

Group. On April 13, 1981, Brewer was laid off from work and did not return.

Meanwhile, Brewer had failed to make child support payments as required and a bench warrant was issued for his arrest. Following hearings regarding arrearages held on April 27, 1983, and on July 15, 1983, the circuit court entered an order appointing Gerhard F. Ritsema, Wayne County Friend of the Court, receiver for any funds that might be paid as the result of defendant's workers' disability compensation claim.

The order was mailed to Cornbelt on July 20, 1983, by certified mail, return receipt requested. An employee of Cornbelt received and signed for the order on July 21, 1983.

On March 8, 1984, Ohio Casualty sent a letter to Cornbelt proposing that Brewer's workers' compensation claim be redeemed for $5,000 and requesting authorization to settle for that amount. Cornbelt consented to the proposed settlement and on April 5, 1984, Brewer's workers' compensation claim was redeemed and he received $3,980. On March 29, 1985, as part of the receiver's annual review of his files, an inquiry letter was mailed to Cornbelt. Cornbelt responded that Brewer's workers' compensation claim had been redeemed for $5,000 in March, 1984.

An order to show cause for Cornbelt's failure to comply with the receivership order was issued on April 19, 1985. Subsequently, a show cause hearing was held before a friend of the court referee. Thereafter, the referee granted judgment against Cornbelt in the amount of $5,000 plus costs in the amount of $375. Cornbelt requested review of the decision and, on the same day, the matter was brought before the circuit court. However, because of a misunderstanding, Cornbelt's attorney failed to appear and a default judgment was entered.

On April 30, 1985, through consent of counsel, a hearing was conducted before Wayne Circuit Judge Richard D. Dunn. At the conclusion of this hearing, Judge Dunn reaffirmed the referee's recommendation. On May 16, 1985, the judgment was amended to reflect the $3,980 actually received by Brewer.

On appeal, Cornbelt first claims that the order finding it in contempt was erroneous.[1] We disagree.

MCL 600.1701; MSA 27A.1701 provides:

> Supreme court, circuit courts, and all other courts of record, have power to punish by fine or imprisonment, or both, persons guilty of any neglect or violation of duty or misconduct in the following cases:
>
> * * *
>
> (5) Parties to actions, attorneys, counselors, and all other persons for the nonpayment of any sum of money which the court has ordered to be paid, in cases where by law execution cannot be awarded for the collection of the sum, or the disobedience of or refusal to comply with any order of the court for the payment of temporary or permanent alimony or support money or costs made in any action for divorce or separate maintenance, or any other disobedience to any lawful order, decree, or process of the court.

In the instant case, the receivership order required Cornbelt to deliver the workers' disability compensation funds to the receiver appointed for that purpose. Because execution could not be awarded for the collection of this sum, see *In re*

[1] Defendant's contention that it was held to have been in criminal contempt is erroneous. The instant case involved proceedings for civil contempt. See *Harvey v Lewis,* 10 Mich App 709; 160 NW2d 391 (1968); *In re Contempt of Rapanos,* 143 Mich App 483, 496-497; 372 NW2d 598 (1985), lv den 424 Mich 903 (1986).

*Ridgley,* 261 Mich 42; 245 NW 803 (1932), the circuit court had the power to punish Cornbelt for contempt if Cornbelt was guilty of any neglect, violation of duty or misconduct with respect to nonpayment of the workers' disability compensation funds to the receiver. Additionally, under MCL 600.1721; MSA 27A.1721, the circuit court had the power to order Cornbelt to pay the receiver the amount it should have paid him.

Cornbelt argues that it cannot be held in contempt of court because it did not violate the receivership order, since it was Ohio Casualty Group that actually paid Brewer and Cornbelt only approved the amount of the workers' disability compensation settlement. This argument is without merit. Ohio Casualty paid the claim with Cornbelt's consent. The fact that Cornbelt did not actually present the check to the defendant is insignificant. Cf. *Ptak v Pennwalt Corp,* 112 Mich App 490, 494-495; 316 NW2d 251 (1982).

Cornbelt also raises various arguments relating to the validity of the receivership order, which Cornbelt erroneously characterizes as an injunction. We find that the receivership order was valid in each respect challenged.

The power to appoint receivers is inherent in courts of equity. *Michigan Minerals, Inc v Williams,* 306 Mich 515; 11 NW2d 224 (1943). See also MCL 600.2926; MSA 27A.2926. Further, MCL 722.719(5); MSA 25.499(5) provides that receivers may be appointed to ensure that fathers of illegitimate children meet their support obligations. The friend of the court may properly be appointed receiver to receive and disburse workers' compensation funds due a father. Cf. *Petrie v Petrie,* 41 Mich App 80, 84; 199 NW2d 673 (1972), lv den 388 Mich 771 (1972).

Further, we do not find that the receivership

order was invalid because it was not served upon Cornbelt's insurance carrier. The intent of the receivership order was to ensure that the receiver was paid all funds that were due Brewer "on any and all worker's disability compensation claims from: (1) Cornbelt Beef Corp." Further, the order was to be served upon the "aforesaid employer and carrier heretofore set out in paragraphs [sic] (1) of [the] order." Paragraph (1) listed only Cornbelt; no insurance carrier was listed. Since no insurance carrier was listed, the receiver was not required to serve the order upon Cornbelt's carrier.

We reject the contentions that the receivership order was not binding upon Cornbelt because it was neither a party to the action nor in active concert with a party to the action or because it did not receive actual notice of the action. See *Davis v Davis,* 137 Mich App 291, 293; 358 NW2d 6 (1984); *Tuller v Wayne Circuit Judge,* 243 Mich 239, 243-245; 219 NW 939 (1928).

Cornbelt's argument that notice of the order of receivership should have been served upon its resident agent or officer of the corporation as required by GCR 1963, 105.4, now MCR 2.105(D), is also without merit. Service of process under such rule was not necessary. In any event, Cornbelt received actual notice of the order. Therefore the order is enforceable against it. See *Davis, supra.*

Moreover, we do not find that the equities favor Cornbelt. Rather, we find that Cornbelt had notice of the receivership order prior to the date that Brewer's workers' compensation claim was re-deemed. Cornbelt could easily have insured that the funds were paid to the receiver and not to Brewer.

Nor do we find that the "punishment" was excessive. Such an argument is without merit

under MCL 600.1721; MSA 27A.1721. See also *Ptak, supra; Davis, supra.*

Cornbelt's argument that the judgment against it had the effect of depriving it of its property without due process of law is likewise without merit. MCL 600.1711(2); MSA 27A.1711(2) provides that a court may punish any contempt that is not committed in its presence by a fine or imprisonment after (1) proof of the facts charged has been made by affidavit, and (2) an opportunity has been given to defend. As the receiver notes, Cornbelt was afforded all the protections of this statute. Specifically, Cornbelt had notice of the order appointing the receiver and the order to show cause. Further, it appeared and defended the order at both the referee and circuit court levels.

Finally, we do not find that Cornbelt was deprived of due process of law on the alleged grounds that Judge Dunn was biased in favor of the receiver. A review of the lower court record establishes no actual prejudice on the part of Judge Dunn to the extent that the probability of actual bias was too great to be constitutionally tolerable. See *Crampton v Dep't of State,* 395 Mich 347, 351-355; 235 NW2d 352 (1975), reh den 396 Mich 956 (1976).

Affirmed.