*In re* CONTEMPT OF UNITED STATIONERS SUPPLY CO

Docket No. 208134. Submitted September 7, 1999, at Detroit. Decided January 21, 2000, at 9:00 A.M.

The Wayne County Friend of the Court petitioned the Wayne Circuit Court for an order to show cause why United Stationers Supply Co. and its insurer should not be held in contempt for failure to comply with an order appointing the friend of the court receiver of sums due Paul Henderson, an employee of United Stationers, from any and all worker's compensation claims Henderson might have against United Stationers. Henderson earlier had been ordered to pay child support to the petitioner. The court entered the order. Following a hearing, the court, Kirsten Frank Kelly, J., found United Stationers in contempt of court and ordered it to pay the petitioner an amount to defray Henderson's child support arrearage, plus attorney fees, costs, and judgment interest. United Stationers appealed.

The Court of Appeals *held*:

1. Because the court found United Stationers in civil contempt, a finding of wilful disobedience of the order appointing the receiver was not required.

2. The receivership order is the type of income withholding defined in the Support and Parenting Time Enforcement Act, MCL 552.601 *et seq.*; MSA 25.164(1) *et seq.*, under which compliance with the service of notice requirements of MCR 2.105(D) is not required. The service of the order by certified mail, return receipt requested, was proper and sufficient to provide notice to United Stationers.

3. United Stationers failed to show a lack of diligence on the part of the petitioner or that there were any intervening circumstances that would render any grant of relief to the petitioner inequitable. The doctrine of laches does not bar the judgment of contempt.

Affirmed.

1. CONTEMPT — WORKER'S COMPENSATION — RECEIVERS.

A circuit court may enter a contempt order against an employer that settles a worker's compensation claim with an employee and pays the employee directly after having been served with a court order requiring any such settlement to be paid to a court-appointed receiver; because the contempt sanction and accompanying order

for repayment by the employer to the receiver is a civil, not criminal, sanction, a finding of wilful disobedience of the court order is not necessary; however, the court must find that the employer was neglectful or violated its duty to obey the order (MCL 600.1701; MSA 27A.1701).

2. MOTIONS AND ORDERS — CHILD SUPPORT — SUPPORT AND PARENTING TIME ENFORCEMENT ACT — INCOME WITHHOLDING — SERVICE OF NOTICE.

The notice requirements provided in the Support and Parenting Time Enforcement Act apply with regard to the service of notice on a source of income of an order of income withholding entered by a circuit court that provides for the withholding of a payer's income to enforce a support order under the act; compliance with the service requirements of MCR 2.105 is not required with regard to an order of income withholding entered under the act (MCL 552.601 *et seq.*; MSA 25.164(1) *et seq.*).

*David J. Calandro* and *Margery Moselle Mann,* for the petitioner.

*Berry Moorman P.C.* (by *Sheryl A. Laughren* and *David M. Foy,* for the respondent.

Before: WHITE, P.J., and HOOD and JANSEN, JJ.

PER CURIAM. Respondent United Stationers Supply Co., appeals as of right from the circuit court's judgment finding it in contempt for failure to comply with an order appointing petitioner receiver of sums due defendant Paul Henderson from any and all worker's disability compensation claims of defendant against respondent. We affirm.

In December 1986, defendant was ordered to pay weekly child support to petitioner Wayne County Friend of the Court (FOC), on behalf of the minor child he had with plaintiff Miranda Walker. Defendant failed to make timely payments, resulting in the accumulation of a substantial arrearage. On April 1, 1991, the circuit court entered an order appointing the FOC receiver of any and all worker's compensation

funds that came due defendant from claims against respondent, his employer, or American Guarantee & Liability, respondent's insurance carrier. The receivership order directed respondent and the insurance carrier to deliver any and all funds to Gehard Ritsema at the FOC.

Petitioner served copies of the receivership order on respondent and the insurance carrier by certified mail, return receipt requested, on April 2, 1991. Karl Kovalchik,[1] a security guard, signed the receipt as "addressee" for respondent on April 5, 1991.[2] On May 20, 1992, respondent disbursed a worker's disability compensation net settlement of $38,710.25 directly to defendant. On April 17, 1997, the FOC sent a request for information to the Bureau of Worker's Disability Compensation because it had not received any funds. About May 21, 1997, the FOC received a copy of the redemption order from the bureau indicating that defendant's worker's compensation claim had been redeemed, and that all funds were sent directly to defendant.

As a result of the petitioner's petition, respondent was ordered to show cause why it should not be held in contempt. After a hearing, the circuit court found respondent in contempt of court and ordered respon-

---

[1] The lower court record indicates that Kovalchik was a security guard contracted by respondent, and not a direct employee of respondent. Respondent submitted an affidavit below of the custodian of the personnel records at its Livonia distribution center stating that Kovalchik was not then and had never been an employee of respondent. The affidavit further stated that defendant was an employee of respondent from April 1979 to February 1989, and that there was no record in his personnel file of the order appointing a receiver.

[2] An agent of respondent's insurance carrier, American Guarantee & Liability, also signed a receipt for the receivership order April 5, 1991. The insurance carrier is not a party to this action.

dent to pay petitioner $9,512.64, plus attorney fees of $375, costs, and judgment interest.

I

Respondent first argues that the circuit court erred in making a finding of contempt because respondent had no knowledge of the court's order appointing the receiver and therefore could not have acted wilfully in disobedience of the order. We conclude that the circuit court found respondent in civil, not criminal, contempt and that a finding of wilful disobedience of the order appointing the receiver was therefore not required.

We review the court's issuance of an order of contempt for abuse of discretion. *Deal v Deal*, 197 Mich App 739, 743; 496 NW2d 403 (1993). Michigan courts of record have the inherent common-law right to punish all contempts of court. *In re Contempt of Robertson*, 209 Mich App 433, 436; 531 NW2d 763 (1995). The Legislature codified the common-law power of courts to punish for contempt in MCL 600.1701 *et seq.*; MSA 27A.1701 *et seq. In re Contempt of Dougherty*, 429 Mich 81, 98; 413 NW2d 392 (1987).

Three sanctions are available to a court to remedy contemptuous behavior: (1) criminal punishment to vindicate the court's authority, (2) coercion, to force compliance with a court order, and (3) compensatory relief for the complainant. *Id.* at 98; *In re Contempt of Rochlin*, 186 Mich App 639, 647; 465 NW2d 388 (1990). The latter two are civil contempt sanctions. *Dougherty, supra* at 97-98. MCL 600.1721; MSA 27A.1721 codified the compensatory civil contempt sanction:

If the alleged misconduct has caused an actual loss or injury to any person the court shall order the defendant to pay such person a sufficient sum to indemnify him, in addition to the other penalties which are imposed upon the defendant.

Proceedings for civil contempt are instituted to preserve and enforce the rights of private parties to suits and to compel obedience of orders and decrees made to enforce those rights and administer the remedies to which the court has found the parties are entitled. *In re Contempt of Rapanos*, 143 Mich App 483, 496; 372 NW2d 598 (1985). A court may issue an order to pay compensation for actual loss or injury caused by a contemnor's misconduct. *Dougherty, supra* at 97 (violation of a permanent injunction for trespassing could be subject to compensatory civil contempt sanctions). This Court held in *In re Contempt of Cornbelt Beef Corp*, 164 Mich App 114, 118-119; 416 NW2d 696 (1987), that a circuit court has the power to enter a contempt order against an employer where the employer settles a worker's compensation claim with an employee by redeeming the claim and paying the employee directly after having been served with a court order requiring any such settlement to be paid to a court-appointed receiver. This Court also rejected the employer's argument that it had been held in criminal contempt. *Id.* at 118, n 1. The employee in *Cornbelt*, like in the instant case, had failed to make child support payments and the friend of the court had been appointed receiver for any funds that might be paid as the result of a worker's compensation claim. *Id.* at 116-117.

In the instant case, the contempt sanction and court order for repayment were compensatory, to

defray defendant's child support arrearage to Walker. Therefore, the contempt sanction in the instant case is civil, not criminal, and a finding of wilful disobedience of a court order is not necessary. Rather, the circuit court had to find that respondent was neglectful or violated its duty to obey an order of the court. See MCL 600.1701; MSA 27A 1701.

We also reject respondent's argument that the circuit court erred in entering judgment against it because there is no showing that petitioner properly served the receivership order pursuant to MCR 2.105(D) or that respondent had knowledge of the order.

We review interpretation of a court rule de novo as a question of law. *In re Gosnell*, 234 Mich App 326, 333; 594 NW2d 90 (1999). In *Cornbelt*, this Court rejected the employer's argument that notice of the order of receivership had to be served pursuant to MCR 2.105(D). *Cornbelt, supra* at 120. The employer had been served by certified mail, return receipt requested, as in the instant case, and one of its employee's had signed for the order. *Id.* at 117. We do not agree with respondent that the order appointing the receiver in this case is similar to a writ of garnishment, which must be served on the garnishee-defendant pursuant to MCR 2.105. The receivership order is a type of income withholding as defined in the Support and Parenting Time Enforcement Act, MCL 552.601 *et seq.*; MSA 25.164(1) *et seq.*,[3] under which compliance with MCR 2.105 is not required.

---

[3] MCL 552.602; MSA 25.164(2) provides in pertinent part:

(i) "Income" means any of the following:

*    *    *

MCL 552.609; MSA 25.164(9) provides in pertinent part:

> A notice of income withholding entered under this act shall be served on sources of income as provided in section 11. The notice shall direct sources of income to withhold from income due the payer and to pay to the office of the friend of the court . . . an amount sufficient . . . to defray

---

> (ii) A payment due or to be due in the future to an individual from . . . worker's compensation.

> * * *

> (o) "Order of income withholding" means an order entered by the circuit court providing for the withholding of a payer's income to enforce a support order under this act.

> * * *

> (v) "Source of income" means an employer or . . . another individual or entity that owes or will owe income to the payer.

MCL 552.613; MSA 25.164(13) provides:

> The court may find a source of income in contempt and fine the source of income if the source of income is served with a notice of income withholding and fails to comply with the notice or to pay withheld amounts to the friend of the court after the order becomes binding under section 11.

MCL 552.625; MSA 25.164(25) provides:

> In addition to providing remedies or imposing penalties. . . for the enforcement of support orders . . . . Upon default in the payment of the amount awarded in the judgment, the court may order execution of the judgment; appoint a receiver . . . and order . . . income to be applied to the amount of the judgment; or take any other appropriate action to enforce the judgment.

MCL 552.631; MSA 25.164(31) provides in pertinent part:

> (1) [I]f an order of income withholding is . . . unsuccessful, . . . the office of the friend of the court may commence a civil contempt proceeding by filing in the circuit court a petition for an order to show cause why the delinquent payer should not be held in contempt.

arrearages in payments . . . due at the time the order of income withholding takes effect.

MCL 552.611; MSA 25.164(11) provides:

> An order of income withholding entered under this act is binding upon a source of income 7 days after service upon that source of income of a notice of the order of income withholding by ordinary mail or by electronic means as agreed by the source of income and the office of the friend of the court. The order of income withholding remains in effect until further order of the court. An order of income withholding has priority over all other legal process under state law against the same income.

The circuit court determined that an order sent by certified mail to a business entity is presumed to place the business on notice of the order when the return receipt is signed by someone at the business address. The court reasoned that businesses should have proper procedures in place for receiving mail and directing it to the proper person or department. This presumption is reasonable, especially when an income withholding order may properly be served by ordinary mail, or by electronic means, under MCL 552.611; MSA 25.164(11). We conclude that service of the order appointing the receiver by certified mail, return receipt requested, was proper and sufficient to provide notice to respondent.

II

Respondent last argues that petitioner's request for a judgment of contempt is barred by the doctrine of laches.

Laches is an affirmative defense that depends principally on the requisite of intervening circumstances

that would render inequitable any grant of relief to the dilatory plaintiff. *In re Crawford Estate*, 115 Mich App 19, 25-26; 320 NW2d 276 (1982). The doctrine is concerned with unreasonable delay, *Michigan Ed Employees Mut Ins Co v Morris*, 460 Mich 180, 200; 596 NW2d 142 (1999), and the defendant must prove a lack of due diligence on the part of the plaintiff resulted in some prejudice to the defendant. *Gallagher v Keefe*, 232 Mich App 363, 369-370; 591 NW2d 297 (1998).

Petitioner acknowledges that there was a lapse of time between respondent's failure to comply with the order appointing the petitioner receiver and the time when the receiver discovered respondent's noncompliance, but notes that it was diligent in its efforts to discover the noncompliance and brought a contempt action immediately after discovering the noncompliance. Petitioner notes that it has several thousand receivership cases pending in which it has not received payment, that the cases are continually reviewed, but alleges that because of staffing limitations it cannot be reasonably expected to immediately discover noncompliance. Petitioner further notes that discovering noncompliance is made more difficult because of the uncertainty of whether and when a worker's compensation settlement will occur, as is evidenced in this case, in which defendant was last injured in February 1989, but the worker's compensation redemption did not occur until May 1992. Petitioner argues that even if it had not been diligent, laches should not operate as a bar here because respondent has not shown that there were intervening circumstances that would render any grant of relief inequitable.

Respondent's argument that it was prejudiced by the delay is that it was not able to make its insurers aware of the order, and that "any effort . . . to pursue a claim against defendant now would be futile. Presumably, if defendant had any current source of income, the friend of the court would certainly have pursued an action to collect the child support arrearage from defendant."

We conclude that respondent has shown neither a lack of diligence on petitioner's part nor intervening circumstances that would render any grant of relief to petitioner inequitable, and that the doctrine of laches does not bar the contempt judgment.

Affirmed.