*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

FAHMIDA BEGUM,

        Plaintiff-Appellee,

v

MOUDUD CHOWDHURY,

        Defendant-Appellant.

UNPUBLISHED
July 28, 2022

No. 356574
Wayne Circuit Court
LC No. 18-109841-DM

Before: M. J. KELLY, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

Defendant appeals by leave granted the trial court's February 26, 2021 order finding him in contempt of court and entering judgment against him in favor of plaintiff, his former wife. For the reasons set forth below, we vacate the trial court's order and remand for further proceedings.

## I. INTRODUCTION

It appears undisputed that when the parties married, they entered into a contract providing that plaintiff would receive a certain parcel of real property in Bangladesh. In 2005, defendant conveyed that parcel to plaintiff, and then in 2017 plaintiff executed a power of attorney naming defendant's father her attorney-in-fact. Acting under this power of attorney, defendant's father transferred the property to the parties' minor children.

The parties subsequently entered a consent judgment of divorce in February 2019. The divorce judgment contained provisions requiring defendant to ensure that plaintiff received title to the Bangladesh property as set forth in their marriage contract and forbidding him from encumbering it:

> 2. Plaintiff shall receive the real property, as described in paragraph 16 of the marriage deed, part of the Bangladeshi Marriage/Dower Contract. **See Exhibit 1 – Marriage Deed.** It is to be given to Plaintiff in full and Defendant shall cause all necessary paperwork to be executed in Bangladesh to effectuate same within thirty (30) days of the date of the entry of this Judgment.

-1-

3.      Defendants shall not encumber the property referenced in ¶ 2; and shall cause the reversal of any encumbrance placed on the property from the date of the filing of the Complaint in this case until the date of entry of this Judgment.

Plaintiff, *in propria persona*, subsequently filed a "Motion for Returning Property in Judgment," asking the trial court to "order [defendant] to pay the money on marriage deed as he promised to pay me" because, according to plaintiff, the divorce judgment required defendant to "pay within 30 days of [the] signed divorce paper but it's been 4 month[s] [and] he hasn't [paid] me a single penny."

The parties appeared for a hearing on the motion in November 2019. Defendant's trial counsel explained that defendant had transferred the property to plaintiff years earlier, and plaintiff—through her father-in-law—transferred it to the parties' minor children. The trial court asked plaintiff to confirm this, and plaintiff asserted that she had not in fact done this; she admitted, however, that she had traveled to Bangladesh and given defendant's father her power of attorney. She stated, however, that she and defendant had agreed to sell the property to defendant's brother, and that she had executed a "Power of Attorney from me saying they'll give me the money for the property."

Defendant explained to the trial court that he had not been involved in the interaction between his father and plaintiff—the matter had been between them, and she instructed defendant's father to transfer the property to their children, as far as he knew. The trial court then informed defendant of its conclusion that, because he had signed an agreement according to which plaintiff was entitled to the property, he had become obligated to reacquire title to the property and ensure that it was returned to plaintiff's ownership:

On February 5th, 2019; two years after this alleged issue, you signed a judgment of divorce indicating that you would execute all paperwork to give her back this property. So it's your obligation to make sure that property is back in her name.

The trial court then explained to defendant that he was "going to be incarcerated until you execute the proper paperwork," and that if he does not, "you're looking at the Wayne County Jail." The court ended the hearing by stating that it would adjourn the matter, and if defendant did not find a way to get the property transferred to plaintiff, it would hold a hearing to determine the value of the property. Plaintiff, however, then testified[1] that the value was $19,000. Although she was not cross-examined, the trial court accepted plaintiff's assertion of the value, asked only plaintiff whether she was "satisfied" with that amount, and declared that defendant would cause the transfer of the property to plaintiff or face a judgment for $19,000. The trial court entered an order to that effect on the day of the hearing.

Defendant then filed a motion for relief from the November 2019 order on the ground that he had transferred the property to plaintiff long before the entry of the judgment, and the only reason plaintiff did not still have title to it was that she voluntarily transferred it to their children. That motion resulted in a February 13, 2020, order mandating that defendant "have his father

---

[1] Both parties were sworn in by the court at the start of the hearing.

transfer the deed back to Plaintiff . . . ; If Defendant fails to do so, Plaintiff will have a monetary Judgment against Defendant."

About a year later, plaintiff filed a motion for entry of judgment. At the outset of the hearing on the motion, plaintiff told the trial court that she had still not received title to the property, after which the court immediately found defendant in contempt and liable for a judgment for $19,000. Only after the trial court announced and finalized its ruling did it permit defendant's counsel to place objections on the record. The trial court thereafter entered an order finding defendant in contempt and ordered him to pay plaintiff $19,000.

This Court granted defendant leave to appeal and stayed the trial court's order. *Begum v Chowdhury*, unpublished order of the Court of Appeals, entered July 6, 2021 (Docket No. 356574).

## II. STANDARDS OF REVIEW

We review trial court orders of contempt for an abuse of discretion. *In re Contempt of Henry*, 282 Mich App 656, 671; 765 NW2d 44 (2009). "When adjudicating contempt proceedings without a jury, a court must make findings of fact, state its conclusions of law, and direct entry of the appropriate judgment." *Id*. at 674. This Court reviews the trial court's findings of fact for clear error. *Id*. at 668. A trial court's findings of fact "must be affirmed if there is competent evidence to support the findings." *Cross Co v UAW Local 155*, 377 Mich 202, 218; 139 NW2d 694 (1966).

## III. ANALYSIS

Civil contempt of court may be found where one has been neglectful or otherwise failed to fulfill a duty to obey a court's order. *In re Contempt of United Stationers Supply Co*, 239 Mich App 496, 501; 608 NW2d 105 (2000). Where, as here, the alleged contempt of court occurs outside the "immediate view and presence of the court," it is indirect contempt and requires a hearing conducted in accordance with MCL 600.1711(2). *In re Contempt of Henry*, 282 Mich App at 675. MCL 600.1711(2) provides that indirect contempt may be punished after "proof of the facts" is made by affidavit or otherwise, and the alleged contemnor has the opportunity to defend. Such hearings must conform to MCR 3.606 and "afford some measure of due process *before* the court can determine whether there is sufficient evidence of contempt to warrant sanctions." *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App 697, 713; 624 NW2d 443 (2000) (emphasis added). The proof of contempt must be clear and unequivocal. *In re Contempt of Robertson*, 209 Mich App 433, 439; 531 NW2d 763 (1995).

"The court's power to punish individuals for contempt is not without limitations." *In re Contempt of Dudzinski*, 257 Mich App 96, 109; 667 NW2d 68 (2003). " 'The contempt power is awesome and must be used with the utmost restraint.' " *Id*., quoting *In re Hague*, 412 Mich 532, 555; 315 NW2d 524 (1982). Although one may be found in contempt for failing to obey even a clearly incorrect order, one "may not be held in contempt for failing to comply with an order with which the party cannot comply." *Detroit v Dep't of Soc Servs*, 197 Mich App 146, 159; 494 NW2d 805 (1992).

As noted, it appears that the trial court found defendant in civil contempt because the court did not impose a sanction as criminal punishment to vindicate the court's authority, but rather, resorted to coercion to force defendant to comply with the court's orders and the judgment. Both

MCL 600.1711(2) and MCR 3.606(A) require that charges of indirect contempt be supported by affidavit or other evidence and that the affected party have an opportunity to defend, including by calling witnesses. These requirements were not met. Although the trial court was free to believe plaintiff's testimony as to the value of the property, it could not do so without first providing defendant with an opportunity to cross-examine her and provide evidence of his own. *In re Contempt of Robertson*, 209 Mich App at 438 ("It is well established that when a contempt is committed outside the presence of the court, the law requires that the accused be advised of the charges against him, afforded a hearing regarding those charges, and given a reasonable opportunity to meet the charges by defense of explanation."). But the trial court did not do so, as it precluded defendant from presenting any evidence as to why he had not complied with the judgment and orders, and nor did it provide defendant the opportunity to cross-examine plaintiff or present his own evidence as to the accuracy of the $19,000 value for the Bangladesh property. In order to comport with the court rule and due process, defendant must be given that opportunity. *Id*.

The February 26, 2021 order is vacated, and the matter is remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Stephen L. Borrello

-4-