*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* SD.

---

KLH,

Petitioner-Appellee,

v

SD,

Respondent-Appellant.

UNPUBLISHED
February 21, 2023

No. 359305
Clare Circuit Court
Family Division
LC No. 21-900082-PH

---

Before: JANSEN, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Respondent appeals as of right her criminal contempt conviction based on her violation of a personal protection order (PPO), MCL 600.2950a. The trial court sentenced respondent to serve 45 days in jail. We affirm.

## I. BACKGROUND

Petitioner's husband and respondent share children together, but petitioner and her husband had full physical custody of the children. Several PPOs were issued against respondent over the years for both petitioner and her husband because of respondent's constant harassment in person, over the phone, and on social media. Respondent was also previously convicted of aggravated stalking, domestic violence, and contempt for repeatedly violating the PPOs. Petitioner obtained another PPO against respondent shortly after a prior PPO expired because respondent continued to harass her and her family, continued to violate the terms of other PPOs, and claimed on social media that petitioner and petitioner's husband kidnapped her children. Pursuant to MCL 600.2950a, the trial court entered an ex parte nondomestic PPO that prohibited respondent from engaging in stalking activities, such as sending electronic communications to petitioner.

After the court entered the PPO, respondent continued to contact petitioner by texting her phone. On April 8, 2021, and April 12, 2021, petitioner sought a show cause hearing for

-1-

respondent to establish why she should not be held in contempt. Following the hearing, the trial court declined to hold respondent in contempt because petitioner failed to present evidence that established beyond a reasonable doubt that respondent violated the PPO by texting her phone.

On April 30, 2021, relevant to this appeal, petitioner moved for entry of an order for respondent to show cause why she should not be held in contempt, alleging that respondent violated the PPO again by sending texts to petitioner's phone while respondent was incarcerated for violating a previous PPO. Following an adjournment and unsuccessful settlement negotiations, the court held a hearing to address the motion. At the conclusion of the hearing, the trial court found beyond a reasonable doubt that respondent violated the PPO, and it found her guilty of criminal contempt. The court found that respondent contacted petitioner's phone while incarcerated and that, although respondent claimed that she believed that she was contacting petitioner's husband to organize parenting time with her children, she knew or should have known that she was contacting petitioner's phone. This appeal followed.

## II. STANDARD OF REVIEW

"We review a trial court's findings in a contempt proceeding for clear error, and such findings must be affirmed if there is competent evidence to support them." *In re Kabanuk*, 295 Mich App 252, 256; 813 NW2d 348 (2012) (citation omitted). We do "not weigh the evidence or the credibility of the witnesses in determining whether there is competent evidence to support the findings. This Court reviews a trial court's issuance of an order of contempt for an abuse of discretion." *Id*. (citations omitted).

## III. ANALYSIS

Respondent argues that petitioner presented insufficient evidence that she violated the PPO. We disagree.

A court's power to hold a party in contempt "is inherent in the judiciary as generally established in Const. 1963, art. 6, § 1." *In re Contempt of Auto Club Ins Ass'n*, 243 Mich App 697, 708; 624 NW2d 443 (2000). The Legislature has reinforced this inherent power by codifying "the common-law power of courts to punish for contempt in MCL 600.1701, *et seq*." *In re Contempt of United Stationers Supply Co*, 239 Mich App 496, 499; 608 NW2d 105 (2000). An individual who fails to comply with the terms of a PPO is subject to the trial court's criminal contempt powers. MCL 600.2950a(23). For the trial court to have properly found respondent guilty of criminal contempt, petitioner must have proved beyond a reasonable doubt that respondent violated the PPO. MCR 3.708(H)(3). The nondomestic PPO issued against respondent prohibited her from engaging in stalking behavior such as contacting petitioner through the phone. " 'Stalking' means a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested." MCL 750.411h(1)(d).

The record reflects that respondent continued to send text messages to petitioner's phone after the court issued the PPO, despite being asked to stop. While respondent claimed that she merely inadvertently contacted petitioner because she believed she was contacting petitioner's

husband to arrange parenting time with her children, she did not dispute that the phone number belonged to petitioner or that the contacts actually occurred. Petitioner established that she felt harassed by respondent's constant contacts which put a "huge strain" on her and her family. The record supports the trial court's conclusion that respondent knew or had every reason to know that she contacted petitioner's phone. As an appellate court, we defer to credibility determinations made by lower courts that had the opportunity to see and hear the witnesses. See *In re Contempt of Henry*, 282 Mich App 656, 668; 765 NW2d 44 (2009). The evidence presented by petitioner sufficed for the trial court to find beyond a reasonable doubt that respondent violated the terms of her PPO by stalking petitioner. Therefore, the trial court did not clearly err in its findings; nor did it abuse its discretion by finding respondent guilty of criminal contempt.

Affirmed.

/s/ Kathleen Jansen
/s/ James Robert Redford
/s/ Christopher P. Yates