PTAK v PENNWALT CORPORATION

Docket No. 54258. Submitted November 10, 1981, at Detroit.—Decided January 19, 1982.

Peter P. Ptak was injured at his place of employment, Pennwalt Corporation. Blue Cross & Blue Shield of Michigan voluntarily paid out money for his medical care. Ptak filed a petition with the Bureau of Workers' Compensation for benefits from Pennwalt Corporation and Employers Mutual Liability Insurance Company. Blue Cross filed a notice of its lien against any possible recovery of benefits and a motion to intervene in the claim as a party. Blue Cross's attorney also filed an appearance. Without notice to Blue Cross, Ptak, Pennwalt and Employers Mutual entered into a redemption agreement which was approved by the bureau. Blue Cross filed a motion with the Workers' Compensation Appeal Board to vacate the redemption agreement or remand for a hearing on Blue Cross's right to reimbursement for medical expenses. The motion was denied, the board holding that Blue Cross had no standing and no right to reimbursement since the payments had been voluntarily made and the parties could not be forced into an adjudication of liability. Blue Cross appealed. *Held:*

1. Blue Cross is entitled to reimbursement notwithstanding the voluntary nature of the payments if they were reasonable and necessary and if the injury arose during the course of Ptak's employment.

2. The bureau has jurisdiction to decide the issues.

3. An employer is liable for any reimbursement awarded a third party insurance carrier where it has entered into a redemption agreement with its employee after receipt of proper notice of the insurer's claim to reimbursement.

4. For a third party to intervene in a workers' compensation case, the statute requires only that he apply in writing stating the general nature of his claim. A procedural error alleged to

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation §§ 398, 399.
[2] 82 Am Jur 2d, Workmen's Compensation § 428.
[3] [No reference]

have occurred in this case was not prejudicial and does not preclude Blue Cross from reimbursement.

Remanded.

1. WORKERS' COMPENSATION — REIMBURSEMENT OF MEDICAL EXPENSES.

The Workers' Compensation Appeal Board may order reimbursement of medical expenses to an injured employee only if they were actually incurred by the employee, or, if they were incurred by another on his behalf, the board may order reimbursement only if the amount of the expenses is "owing" to that other; if the party who incurred such expenses retains any sort of contingent right to be reimbursed by the employee, then the board may order reimbursement according to such right (MCL 418.315; MSA 17.237[315]).

2. WORKERS' COMPENSATION — REIMBURSEMENT OF MEDICAL EXPENSES.

A medical insurer's right to reimbursement from a workers' compensation insurer where medical expenses for an injured employee were voluntarily paid is dependent upon a determination that the injury arose during the course of employment and that the payments were reasonable and necessary; the Bureau of Workers' Compensation has jurisdiction to make such determinations.

3. WORKERS' COMPENSATION — REIMBURSEMENT OF MEDICAL EXPENSES — REDEMPTION AGREEMENTS.

An employer is liable for any reimbursement awarded a third party insurance carrier where it has entered into a redemption agreement with his employee after receipt of proper notice of the insurer's claim to reimbursement.

*William Nole Evans,* for petitioner.

*George E. Ganos,* for respondents.

Before: R. M. MAHER, P.J., and D. F. WALSH and D. C. RILEY, JJ.

D. F. WALSH, J. Blue Cross & Blue Shield of Michigan (hereinafter BCBS) appeals from the Workers' Compensation Appeal Board's denial of its motion to set aside a redemption agreement.

Petitioner Peter Ptak sustained injuries while at his place of employment, the Pennwalt Corporation. Ptak sought medical treatment and BCBS paid $4,730.50 for the medical care.

On May 10, 1979, petitioner filed a petition for a hearing with the Bureau of Workers' Compensation. He sought benefits for injuries to his right arm and leg and lower back, allegedly sustained during the course of his employment with respondent Pennwalt Corporation. On April 10, 1980, BCBS filed a notice of its lien against any possible recovery of compensation benefits for the reimbursement of any work-related medical expenses.

On June 18, 1980, BCBS filed a motion to intervene as a party in the compensation matter. BCBS's attorney also filed an appearance with the compensation bureau.

On June 26, 1980, petitioner and respondents entered into an agreement to redeem liability for $16,000. The redemption was approved by order entered on the same day. The redemption proceeding was conducted without notice to BCBS.

On July 25, 1980, BCBS filed a motion to vacate the redemption agreement or, in the alternative, to remand for a hearing on its right to reimbursement for medical expenses. Both petitioner and respondents opposed the motion. The Workers' Compensation Appeal Board denied the motion on the ground that BCBS had no standing to seek the requested relief. In its order, the board cited two prior compensation cases which held that BCBS was not entitled to reimbursement since payments had been voluntarily paid and the parties could not be forced into an adjudication of liability.

On appeal, BCBS maintains that it "has no objection to Mr. Ptak and his employer settling his rights under the act". However, BCBS argues that

because it is entitled to reimbursement for the expenses paid for work-related injuries, the appeal board should have remanded the matter for a determination of whether its payments were reasonable and whether the injuries arose in the course of employment. BCBS claims that under the broad jurisdiction granted by statute to the Bureau of Workers' Compensation, it does have standing to raise this issue. We agree and remand this case for a further hearing.

Section 315 of the Worker's Disability Compensation Act provides:

"The employer shall furnish, or cause to be furnished, to an employee who receives a personal injury arising out of and in the course of his employment, reasonable medical, surgical and hospital services and medicines, or other attendance or treatment recognized by the laws of this state as legal, when they are needed. * * * If the employer fails, neglects or refuses so to do, the employee shall be reimbursed for the reasonable expense paid by him, or payment may be made in behalf of the employee to persons to whom the unpaid expenses may be owing, by order of the hearing referee * * *." MCL 418.315; MSA 17.237(315).

In *Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1, 6; 211 NW2d 260 (1973), this Court stated:

"The board may only order reimbursement of medical expenses if they were actually incurred by the employee; or, if they were incurred by another on his behalf, then the board may only order reimbursement if the amount of the expenses are 'owing' to such third party. If the party who incurred such expenses retains any sort of contingent right to be reimbursed by the employee, then the board may order reimbursement."

Accord, *Epps v Mercy Hospital,* 69 Mich App 1; 244 NW2d 340 (1979).

Section 841 of the compensation act provides:

"Any controversy concerning compensation shall be submitted to the bureau and all questions arising under this act shall be determined by the bureau. The director shall be deemed to be an interested party in all workmen's compensation cases in questions of law." MCL 418.841; MSA 17.237(841).

Further, § 847 states:

"Upon the filing with the bureau by any party in interest of an application in writing stating the general nature of any claim as to which any dispute or controversy may have arisen, the director shall set the case for hearing and shall designate a hearing referee to hear the case." MCL 418.847; MSA 17.237(847).

Under *Jolliff, supra,* and *Epps, supra,* it is clear that BCBS is entitled to reimbursement for work-related benefits already paid to petitioner. The "voluntary" nature of any payments to an injured employee does not affect this right to reimbursement. The reimbursement, however, is dependent upon a determination of whether petitioner's injury arose during the course of his employment and whether the payments made by BCBS were reasonable and necessary. Such issues fit squarely within the jurisdictional authority granted to the compensation bureau under MCL 418.841; MSA 17.237(841).

In the instant case, both the employer and the employee received notice of BCBS's claim for reimbursement prior to the entry of the redemption agreement. BCBS had filed: (1) a notice of lien; (2) a motion to intervene; and (3) an appearance by its attorney. Despite this action by BCBS, the settle-

ment negotiations were conducted without any notice whatsoever to BCBS.

BCBS's right to an adjudication of liability for purposes of reimbursement should in no way preclude an employer and employee from entering into redemption agreements. However, if such a settlement is reached after the receipt of proper notice from a third-party insurance company with regard to reimbursement, the employer must take the additional claim into account and make arrangements for payment in the event that liability is ascertained at a later time. If the employer fails to do so and liability is subsequently determined, the employer must pay the full amount of the reimbursement awarded to the insurance company.

Finally, we note respondents' additional argument raised on appeal concerning an alleged procedural defect. They claim that BCBS is not entitled to any reimbursement because it failed to file form 104. Although a third party may utilize this form to intervene in a compensation case, see 1979 AC, R 408.34,[1] it is not the only method to gain intervention. The statute only requires that there be an "application in writing stating the general nature of any claim * * * [and] the director shall set the case for hearing". BCBS's motion to intervene did notify the parties about its claim for reimbursement. Respondents do not argue on appeal that they were unaware of BCBS's claim.

[1] The rule states, in part:

"In cases of dispute coming under the jurisdiction of the bureau, any party may apply to the bureau for relief. The complaining party shall file his application (form 104) in triplicate with the bureau at its Lansing office. The bureau shall thereupon serve the adverse party with a copy of the application and, at the same time, notify the parties of the time and place of the pre-trial hearing. The adverse party shall file his answer thereto with the bureau within 15 days after service, and serve a copy of the answer on the party making the application."

Therefore, they were not prejudiced by BCBS's failure to file form 104. A motion to intervene is not explicitly prohibited by the statute. Under such circumstances, we reject the argument that this alleged procedural error should preclude BCBS from any reimbursement.

This case is remanded to the appeal board for a hearing to determine whether petitioner's injury was work-related and, if so, the amount of the reasonable and necessary medical expenses paid by BCBS in connection with this injury.

Remanded.