BURNETT v BURNETT

Docket No. 81252. Submitted November 19, 1985, at Detroit. Decided April 30, 1986.

Following the divorce of Gloria Burnett and George Burnett in the Wayne Circuit Court, George Burnett failed to make child support payments. The Wayne County Friend of the Court, Gerhard Ritsema, was appointed receiver of all funds due George Burnett on a workers' compensation claim against Pennwalt Corporation, George Burnett's employer. Pennwalt received a copy of the order appointing the Friend of the Court as receiver and specifically providing that any funds due George Burnett from Pennwalt's workers' compensation insurer, Employer's Mutual Liability Insurance Company, were to be paid to the receiver. Employer's Mutual, unaware of the court order, and following an award by the Bureau of Workers' Disability Compensation, paid benefits directly to George Burnett. Following a show cause hearing, the circuit court, Patrick J. Duggan, J., ruled that Pennwalt had a duty to inform Employer's Mutual of the court order and found Pennwalt in contempt of court. The circuit court ordered Pennwalt to pay the amount of the workers' compensation award to the receiver with twelve percent interest from the date of the hearing and also ordered Pennwalt to pay the receiver's attorney fees, costs, and receiver fees. Pennwalt appealed. *Held:*

1. Pennwalt, having received a copy of the court order directing the payment of any workers' compensation benefits due George Burnett to the receiver, should have notified Employer's Mutual so that payment could have been made pursuant to the order.

REFERENCES

Am Jur 2d, Contempt §§ 3, 4, 114.

Am Jur 2d, Receivers § 117.

Attorneys' fees, allowance in civil contempt proceedings. 43 ALR3d 793.

See also the annotations in the ALR3d/4th Quick Index under Contempt; Receivers.

2. The circuit court properly found Pennwalt in civil contempt for not complying with the court order.

3. The award of attorney fees was related to costs incurred as a result of the contemptuous conduct and therefore proper.

Affirmed.

1. MOTIONS AND ORDERS — RECEIVERS — ENFORCEABILITY OF ORDER.

An order appointing a receiver of any funds due a party and stating that any such funds are to be paid to the receiver is enforceable against the party's employer with regard to a workers' compensation award where the employer's insurer, which was not notified by the employer of the order specifically directing payment to the receiver, paid the award directly to the party.

2. WORDS AND PHRASES — CONTEMPT.

Contempt of court is a wilful act, omission or statement tending to impair the authority or impede the functioning of a court.

3. CONTEMPT — CIVIL CONTEMPT.

Civil contempt seeks compliance by an individual through the imposition of a sanction of indefinite duration terminable upon compliance or inability to comply; when the noncompliance is such that the status quo can be restored and it is still possible to grant the relief originally sought, there is civil contempt.

4. CONTEMPT — ATTORNEY FEES.

A court may order one found to be in contempt of court to pay the injured party attorney fees incurred as a result of the contemptuous conduct.

*Edwin H. Comber,* Assistant Friend of the Court, for the Wayne County Friend of the Court.

*George E. Ganos,* for Pennwalt Corporation.

Before: WAHLS, P.J., and R. B. BURNS and M. E. DODGE,* JJ.

PER CURIAM. Pennwalt Corporation appeals from a judgment finding it in contempt of court for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

violation of a court order, ordering payment to the Friend of the Court (FOC) of $1,047.50, and assessing $750 in attorney fees, costs, and receiver fees payable to the FOC. We affirm.

Following a default divorce judgment in 1982, George Burnett failed to make child support payments to Gloria Burnett. On July 15, 1983, the FOC was appointed receiver of all funds due George Burnett on a workers' compensation claim against Pennwalt. This action was taken to ensure collection of a substantial arrearage. Pennwalt admitted receiving this order, which specifically named Pennwalt and stated that funds due Burnett from Pennwalt's insurer were covered by the order.

On February 27, 1984, the Bureau of Workers' Disability Compensation ordered Pennwalt and its insurer, Employer's Mutual Liability Insurance Company to pay George Burnett $1,047.50. Employer's Mutual, unaware of the court order appointing the FOC as receiver, paid Burnett directly.

Following a show cause hearing, the trial court concluded that Pennwalt had a duty to inform Employer's Mutual of the court order, while the FOC did not. Accordingly, the trial court found Pennwalt in contempt of court. The trial court ordered Pennwalt to pay $1,047.50 to Gerhard F. Ritsema, the FOC receiver, at twelve percent interest from the date of the hearing. The trial court also ordered Pennwalt to pay the receiver $750 in attorney fees, costs, and receiver fees.

We believe the propriety of finding Pennwalt liable follows from this Court's holdings in *Davis v Davis*, 137 Mich App 291; 358 NW2d 6 (1984), and *Allen v Allen*, 141 Mich App 105; 366 NW2d 88 (1985). In those cases, the FOC was appointed as receiver of any workers' compensation benefits to be awarded to the claimants, who also had child support arrearages. In each case, the employer was

notified of the appointment, and in each case the employer paid the workers' compensation award directly to the claimant, contrary to the court order, rather than to the FOC. This Court found the employers liable to the FOC for the full amounts of the compensation awards.

The same holds true despite the fact that the award here was actually paid by Pennwalt's insurer. In *Ptak v Pennwalt Corp,* 112 Mich App 490; 316 NW2d 251 (1982), an earlier case involving Pennwalt, Pennwalt was aware of a lien against any subsequent workers' compensation benefits in favor of the insurance company that paid medical benefits to the employee. Pennwalt reached a redemption agreement with that employee. This Court held that, while an employer may settle with an employee, if such settlement is reached after proper notice of a lien from a third-party insurance company with regard to reimbursement, the employer must take the additional claim into account and make arrangements for payment in the event that liability is later ascertained. Where it failed to do so, the employer could be required to pay the full amount of the reimbursement awarded to the insurance company. 112 Mich App 495.

Applying the reasoning of *Ptak* to this case, we find that Pennwalt failed to make arrangements for payment to the FOC and, accordingly, find that Pennwalt is liable to the FOC for the full amount owed. It is only reasonable to conclude that Pennwalt, in receipt of the court order appointing a receiver and aware that it would not directly pay the award, should have notified its insurer of the proper disbursement. The order specifically covered funds to be paid by Pennwalt's insurer. Pennwalt ultimately had responsibility for the award.

Pennwalt argues that it could not be held in

contempt of court. Contempt is a wilful act, omission, or statement tending to impair the authority or impede the functioning of a court. *Williams International Corp v Smith,* 144 Mich App 257, 261; 375 NW2d 408 (1985). Criminal contempt has as its purpose the punishment of past disobedient conduct, while civil contempt seeks compliance through the imposition of a sanction of indefinite duration terminable upon compliance or inability to comply. 144 Mich App 262-263. Where the noncompliance is such that the status quo can be restored and it is still possible to grant the relief originally sought, there is civil contempt. *In re Contempt of Rapanos,* 143 Mich App 483, 497; 372 NW2d 598 (1985).

Despite some apparent confusion below, we believe that the trial court properly found Pennwalt in civil contempt for failure to pay the award to the FOC. See *Davis, supra,* p 293. We note that the trial court provided no sanction to encourage compliance. Nonetheless, Pennwalt may purge itself of contempt by paying the judgment.

An award of attorney fees related to costs incurred as a result of contemptuous conduct is proper. *Plumbers & Pipefitters Local Union No 190 v Wolff,* 141 Mich App 815, 818; 369 NW2d 237 (1985); MCL 600.1721; MSA 27A.1721. The award of $750 was recommended by a referee and approved by the trial court.

Affirmed.