RUSSELL v WELCOR, INC

Docket No. 87545. Submitted October 21, 1986, at Lansing. Decided January 21, 1987. Leave to appeal applied for.

Colin T. Colbeck, an employee of Welcor, Inc., was injured in an automobile accident on his day off while driving a company vehicle to his supervisor's house in order to pick up his paycheck. He later died from his injuries. Linda Russell, personal representative of the estate of Colin T. Colbeck and next friend of Andrew D. Colbeck, a minor, petitioned for workers' compensation benefits. Wolverine Insurance Company was Welcor's workers' compensation carrier at the time of the accident. Twin City Fire Insurance Company was Welcor's workers' compensation carrier at the time of Colbeck's death. Royal Insurance Company, Welcor's no-fault carrier, petitioned for a determination of rights. Wolverine objected to Royal's participation as an intervenor. The hearing referee ruled that Royal could present proofs in relation to its subrogation interest but could not participate in the hearing as a principal party. Royal applied for review of the claim with the Workers' Compensation Appeal Board, arguing that the referee's decision was contrary to the facts and applicable law. Twin City moved to dismiss Royal's application, and the motion was adopted and supported by Wolverine. The WCAB granted the motion but did not record its reasons for doing so in the order dismissing Royal's application. An accompanying worksheet signed by the panel indicated that the dismissal was based on Royal's lack of standing. Royal appealed by leave granted.

The Court of Appeals *held:*

Royal's pecuniary interest in the outcome entitled it to participate as a party.

Reversed and remanded.

REFERENCES

Am Jur 2d, Workmen's Compensation § 439.

Right of health or accident insurer to intervene in workers' compensation proceeding to recover benefits previously paid to claimant or beneficiary. 38 ALR 4th 355.

No-fault: right of insurer to reimbursement out of recovery against tortfeasor. 60 ALR3d 830.

Workers' Compensation — Parties — No-Fault Insurers — Administrative Code.

A no-fault insurer who has paid no-fault benefits to an employee as a result of an injury has a direct financial interest in the outcome of workers' compensation proceedings regarding the injury and is entitled to participate in the proceedings as a party (MCL 418.847; MSA 17.237[847]; 1984 AACS, R 408.34[1]).

*McKay, Murphy, Brenton & Spagnuolo, P.C.* (by *Michael S. Brenton,* and *Frederick J. Griffith,* of Counsel), for Welcor, Inc., and Wolverine Insurance Company.

*Ryan, Jamieson & Hubbell* (by *Christopher D. Morris*), for Twin City Fire Insurance Company.

*Best, Arnold, Gleeson, Best & Schmucker, P.C.* (by *Chad C. Schmucker*), for Royal Insurance Company.

Before: Sullivan, P.J., and Shepherd and R. M. Shuster,* JJ.

Shepherd, J. Royal Insurance Company appeals from an order of the Workers' Compensation Appeal Board dismissing its application for review of claim. The motion to dismiss was filed by Twin City Fire Insurance Company and adopted by Wolverine Insurance Company. We reverse.

The facts are not disputed. Colin Thomas Colbeck was employed by Welcor, Inc. He was paid twice a month, on the first and sixteenth, unless those dates fell on a weekend, in which case he was usually paid on the preceding Friday. May 16, 1981, fell on a Saturday, but Colbeck's paycheck did not arrive on Friday the fifteenth. Colbeck received a call on Saturday, May 16, from his supervisor who informed him that Colbeck's check

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

was available at the supervisor's house that day. Colbeck decided to pick up the check and drove to the supervisor's home in a company van furnished by Welcor as part of Colbeck's job. He was involved in an automobile accident enroute. Colbeck suffered severe abdominal injuries which eventually led to his death on November 8, 1982.

Linda Russell, personal representative of Colbeck's estate, petitioned in May, 1983, for a hearing with the Bureau of Workers' Disability Compensation. The respondents in the action were Wolverine, Welcor's workers' compensation carrier at the time of the accident, and Twin City, Welcor's workers' compensation carrier at the time of Colbeck's death. Royal, the no-fault carrier which insured the van for Welcor, petitioned for a determination of rights on April 5, 1984.

At the January 9, 1985, hearing, Wolverine's counsel objected to Royal's participation as an intervenor. Royal argued that it would be responsible under the no-fault act for certain of Colbeck's medical bills if the bureau determined Colbeck's injuries were not compensable under the workers' compensation act. The hearing referee ruled that Royal could present proofs in relation to its subrogation interest but could not participate in the hearing as a principal party. The hearing referee concluded that Colbeck's injuries were not compensable because they did not arise out of and in the course of his employment.

Colbeck's personal representative applied for review of the claim by the WCAB. Royal also applied for review of the claim, stating that the referee's decision was contrary to the facts and applicable law. Twin City moved to dismiss Royal's application, and the motion was adopted and supported by Wolverine. The WCAB granted the motion but did not record its reasons for doing so in

the order dismissing Royal's application. An accompanying worksheet signed by the panel indicated that the dismissal was based on those portions of Twin City's motion stating that Royal lacked standing and was not a party in the case. The appeal of Colbeck's personal representative before the WCAB apparently remains pending.

It appears that Royal may have paid approximately $120,000 in no-fault benefits. Benefits obtainable under the no-fault act and the Workers' Disability Compensation Act overlap to some degree.[1] Under the no-fault act Royal would be entitled to reimbursement from any workers' compensation benefits paid to Colbeck's personal representative, MCL 500.3109(1); MSA 24.13109(1). In fact, a third-party insurance carrier such as Royal may be entitled to reimbursement for medical expenses directly, rather than through the claimant. *Ptak v Pennwalt Corp,* 112 Mich App 490, 495; 316 NW2d 251 (1982); *Epps v Mercy Hospital,* 69 Mich App 1, 6; 244 NW2d 340 (1976), lv den 397 Mich 849 (1976). Royal, therefore, has a direct financial interest in the outcome of the workers' compensation proceeding because it has already paid substantial no-fault benefits to Colbeck's personal representative. At issue is whether Royal should be allowed to participate in the workers' compensation proceeding to protect its reimbursement interests.

The procedural directions in the workers' compensation statutes and the Administrative Code offer little instruction as to who can be a party in a workers' compensation proceeding. The bureau has jurisdiction over any controversy concerning compensation and all questions arising under the workers' compensation act must be determined by

---

[1] Compare MCL 500.3107; MSA 24.13107 and MCL 418.315, 418.321, and 418.361; MSA 17.237(315), 17.237(321), and 17.237(361).

the bureau. MCL 418.841; MSA 17.237(841). MCL 418.847; MSA 17.237(847) provides:

> Except as otherwise provided for under this act, upon the filing with the bureau by any party in interest of an application in writing stating the general nature of any claim as to which any dispute or controversy may have arisen, the case shall be set for mediation or hearing, as applicable. A hearing referee or worker's compensation magistrate, as applicable, shall hear a case that is set for hearing.

The Administrative Code provides in part:

> (1) In cases of dispute coming under the jurisdiction of the bureau, any party may petition the bureau for relief. [1984 AACS, R 408.34(1).]

Michigan appellate courts have not defined "party" or "party in interest" as those terms are used in the workers' compensation act. We hold that the terms, however, are broad enough to cover an entity such as Royal having a direct financial interest in any possible workers' compensation award.[2] Allowing Royal to actively partici-

---

[2] In *Hanson v Howmet Corp,* 1984 WCABO 645, 647, the WCAB recognized that the term "parties in interest" was not exclusively limited to disabled employees, their employers or carriers, or other entities "that may potentially be deemed liable," such as the Second Injury Fund or the Silicosis and Dust Disease Fund. The WCAB, however, required a direct interest "in the litigational outcome, be it pecuniary or purely administrative" for inclusion in the class of interested parties.

Our decision is consonant with decisions on similar issues reached in other jurisdictions. See, e.g., *Aetna Life Ins Co v Harris,* 578 F2d 52 (CA 3, 1978) (insurance carrier providing coverage for nonoccupational injuries may intervene in proceeding under the Longshore and Harbor Workers' Compensation Act, 33 USC 901 *et seq.*) and *Olivero v New Jersey Manufacturers Ins Co,* 199 NJ Super 191, 198-199; 488 A2d 1071 (1985) (no-fault carrier may intervene in workers' compensation proceeding in order to protect its interest to see that full measure of benefits are awarded to minimize like benefits which may be payable under the no-fault act).

pate in the proceeding would not burden the procedure of the bureau or the WCAB, nor would Royal's intervention cause undue prejudice to any of the parties involved in the proceeding. Allowing Royal to intervene in the workers' compensation proceeding will encourage swift payment of no-fault benefits, one purpose of the no-fault act. See *Davey v Detroit Automobile Inter-Ins Exchange,* 414 Mich 1, 10; 322 NW2d 541 (1982). It would also promote judicial economy.

We disagree with Twin City's and Wolverine's arguments, citing the plurality opinion in *Perez v State Farm Mutual Automobile Ins Co,* 418 Mich 634; 344 NW2d 773 (1984), that Royal will be protected by the reasonable efforts of Colbeck's personal representative to obtain workers' compensation benefits. Given that the dependents of the deceased will receive benefits through the no-fault system or a combination of that system and the workers' compensation system, it is questionable whether the personal representative's efforts can protect a no-fault insurer's right in regard to a setoff of workers' compensation benefits. More importantly for our purposes, however, this argument completely ignores the issue of whether Royal is a "party in interest" with consequent rights to actively participate in the workers' compensation proceeding. The *Perez* case does not address this issue and we hold that Royal is such a party.

Reversed and remanded to the WCAB for further proceedings consistent with this opinion.