FRICK v NORTH BANK

Docket No. 173381. Submitted September 19, 1995, at Grand Rapids.
Decided October 31, 1995, at 9:05 A.M.

Peter F. and Delores J. Frick brought an action in the Iosco
Circuit Court against North Bank, Design Developers, Inc., and
Kenny A. Schaaf, seeking compensation for their losses arising
out of the sale at foreclosure of a property on which they held a
subordinated mortgage. The plaintiffs sold waterfront property
to Design Developers in the expectation that a condominium
development would be built, taking as payment a mortgage on
the property with the understanding that they would receive
payment of the underlying indebtedness on completion and sale
of the condominium units and agreeing to subordinate their
mortgage to that given to North Bank to secure the construc-
tion loan extended by the bank to Design Developers for the
construction of the condominiums. After Design Developers
failed to repay the construction loan when it became due in
full, the bank foreclosed, and the property was sold at a
foreclosure sale and was not redeemed. The plaintiffs claimed
that the bank had been negligent in failing to follow commer-
cially reasonable construction loan policies and procedures,
that it had failed to use due care and good faith in protecting
the interests of the plaintiffs as third-party beneficiaries of the
construction loan agreement, and that it should be equitably
estopped from exercising its primary mortgage interest. The
court, J. Richard Ernst, J., granted summary disposition for the
bank. The plaintiffs appealed.

The Court of Appeals *held:*

1. Because the plaintiffs were not parties to the construction
loan agreement, North Bank owed the plaintiffs no duty to
execute the loan agreement in a manner that would preserve
the plaintiffs' investment. The fact that the plaintiffs entered
into an agreement with Design Developers to allow their mort-

REFERENCES
Am Jur 2d, Mortgages §§ 323-361.
See ALR Index under Mortgages.

gage to be subordinate to that of the bank did not subject the bank to a special duty of care toward the plaintiffs.

2. The plaintiffs are not third-party beneficiaries of the construction loan agreement or any implied contract.

3. Equitable estoppel cannot be used to establish a cause of action. Because the plaintiffs failed to establish an underlying cause of action, their claim of equitable estoppel must fail. Accordingly, the trial court properly granted summary disposition for the defendant.

Affirmed.

MORTGAGES — CONSTRUCTION-LOAN MORTGAGES — PURCHASE-MONEY
   MORTGAGES — DUTY OF CARE.

  A mortgagee holding a mortgage interest because of extension of a construction loan owes no duty either to execute the construction loan agreement or to enforce mortgage rights in a manner that will preserve the rights and investment of a purchase-money mortgagee that has subordinated the purchase-money mortgage to the construction-loan mortgage.

*Hall & Lewis* (by *Thomas W. Hall, Jr.*), for the plaintiffs.

*Bodman, Longley & Dahling* (by *Lawrence P. Hanson*), for the defendant.

Before: MARKEY, P.J., and MICHAEL J. KELLY and A. J. FERRARA,* JJ.

MARKEY, P.J. Plaintiffs appeal as of right from the trial court's grant of summary disposition for defendant North Bank pursuant to MCR 2.116(C) (8). We affirm.

In order to construct waterfront condominiums on their property, plaintiffs sold the property to defendant Kenny A. Schaaf and his corporation, defendant Design Developers, Inc. In exchange, plaintiffs accepted a mortgage on the property and agreed that they would receive repayment of the underlying indebtedness that was subject to the

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

mortgage on completion and sale of the condominium units. Schaaf secured North Bank as the lender, and Design Developers entered into a construction loan agreement and mortgage with North Bank. As planned, plaintiffs' mortgage was subordinated to North Bank's mortgage. However, Design Developers failed to repay the construction mortgage note. Pursuant to forfeiture proceedings, the property was sold and not redeemed. As the bases for their lender liability claims against North Bank, plaintiffs assert that the bank was negligent in failing to follow commercially reasonable construction loan policies and procedures, that it breached its duty to use due care and good faith in handling the loan because plaintiffs were third-party beneficiaries of the construction loan agreement, and that it should be equitably estopped from exercising its primary mortgage over plaintiffs' subordinated mortgage. Because plaintiffs were not parties to the construction loan agreement and failed to plead facts giving rise to any actionable duty, we disagree.

On appeal, this Court will review de novo a trial court's grant of summary disposition. *Gorzen v Westfield Ins Co,* 207 Mich App 575, 578; 526 NW2d 43 (1994). A motion for summary disposition pursuant to MCR 2.116(C)(8) tests the legal sufficiency of a claim by the pleadings alone. All factual allegations supporting the claim are accepted as true, as well as any reasonable inferences or conclusions that can be drawn from the facts. The motion should be granted only when the claim is so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery. *ETT Ambulance Service Corp v Rockford Ambulance, Inc,* 204 Mich App 392, 395-396; 516 NW2d 498 (1994).

Here, plaintiffs' claims are clearly unenforceable

as a matter of law. First, plaintiffs cite no authority to support their contention that even though they were not parties to the construction loan agreement, North Bank owed them certain duties, including a duty to execute the agreement in a manner that would preserve plaintiffs' investment, where the agreement does not reference plaintiffs. We also reject plaintiffs' claim that their agreement to subordinate their mortgage to North Bank's construction mortgage also imposed a duty on the bank to manage the loan so plaintiff's mortgage debt would be repaid. North Bank informed the trial court that while no Michigan cases exist on point, several other jurisdictions have rejected these arguments in factually similar cases. *Inversiones Inmobiliarias Internacionales de Orlando Sociedad Anomina v Barnett Bank of Central Florida, NA,* 584 So 2d 110, 111 (Fla App, 1991); *Four Seasons Developers, Inc v Security Federal Savings & Loan Ass'n,* 8 Ohio App 3d 300, 300-301; 456 NE2d 1344 (1983); *Gill v Mission Savings & Loan Ass'n,* 236 Cal App 2d 753; 46 Cal Rptr 456 (1965). We agree with North Bank that it owed no duty to plaintiffs. See also *Construction mortgagee-lender's duty to protect interest of subordinated purchase-money mortgagee,* 13 ALR5th 684, §§ 2-3, 7, 9-11, pp 705-730, 747-763:

Also, plaintiffs were not third-party beneficiaries of the construction loan agreement or any other contract. See MCL 600.1405; MSA 27A.1405; *Kammer Asphalt Paving Co v East China Twp Schools,* 443 Mich 176, 189-190: 504 NW2d 635 (1993). Where a contract is primarily for the benefit of the contracting parties, the incidental benefit that a third person derives from the contract does not vest that person with the right to sue for breach of contract. *Id.* at 190. Thus, North Bank was entitled

to summary disposition with respect to plaintiffs' negligence and breach of contract claims.

Plaintiffs also assert that North Bank should be equitably estopped from asserting its primary mortgage interest over their subordinated mortgage because (1) their subordination was given in reliance on the expectation that the bank would follow commercially reasonable procedure in disbursing the loan funds, (2) the bank should have known that plaintiffs were relying on the successful completion of the commercial loan agreement given plaintiffs' investment in the project, and (3) the bank handled the loan in a grossly negligent fashion by failing to follow its own loan procedures. We disagree. Equitable estoppel cannot be used to establish a cause of action. *Bellows v Delaware McDonald's Corp,* 206 Mich App 555, 561; 522 NW2d 707 (1994). In the absence of an underlying cause of action, plaintiffs' equitable estoppel claim must fail. *Id.*

Accordingly, North Bank's motion for summary disposition pursuant to MCR 2.116(C)(8) was properly granted because plaintiffs' claims were so clearly unenforceable as a matter of law that no factual development could possibly justify a right of recovery.

Affirmed.