McCAIN v AUTO-OWNERS INSURANCE COMPANY (ON REHEARING)

Docket No. 171044. Submitted September 16, 1996, at Lansing. Decided December 20, 1996, at 9:20 A.M. Submitted on rehearing February 11, 1997. Decided on rehearing May 2, 1997, at 9:00 A.M.

Jean McCain brought an action in the Eaton Circuit Court against Auto-Owners Insurance Company, seeking certain survivor's benefits under a no-fault automobile insurance policy issued by the defendant. The plaintiff's decedent was killed in an automobile accident that occurred while he was traveling home from work. The defendant paid the plaintiff as a monthly wage-loss benefit the difference between her monthly social security survivor's benefits payment and eight-five percent of the decedent's average monthly wage. The plaintiff filed a claim for worker's compensation death benefits. The defendant intervened in the worker's compensation proceeding. The worker's compensation insurer settled with the plaintiff for a lump sum pursuant to a redemption agreement that included a waiver by the worker's compensation insurer of its right to reimbursement from any tort claim recovery secured by the plaintiff from the driver of the other automobile involved in the accident. As a result of the worker's compensation redemption, the defendant stopped paying wage-loss benefits to the plaintiff, resulting in the plaintiff's action for resumption of the payments of those benefits. The defendant filed a counterclaim, alleging that, because it was entitled to offset against its liability for no-fault wage-loss benefits both the social security benefits and the worker's compensation death benefits and because the monthly total of the social security benefits actually received and the worker's compensation benefits to which the plaintiff was entitled to receive had there been no redemption of the worker's compensation death benefits exceeded its liability for monthly no-fault wage-loss benefits, it was entitled to reimbursement by the plaintiff of the full amount of the no-fault wage-loss benefits it had paid to the plaintiff. The court, G. Michael Hocking, J., granted summary disposition for the defendant and entered a judgment for the defendant in the amount of the wage-loss benefits paid. On appeal by the plaintiff, the Court of Appeals, MACKENZIE, P.J., and JANSEN and T. R. THOMAS, JJ., affirmed the trial court's ruling that the defendant, pursuant to MCL 500.3109(1); MSA 24.13109(1), could offset social security benefits

and worker's compensation death benefits against its liability for no-fault personal protection insurance benefits, including wage-loss benefits, but vacated the judgment for the defendant and remanded the case for a recalculation of the setoff for worker's compensation death benefits at 156/500 of the redemption amount. The Court of Appeals granted a rehearing.

On rehearing, the Court of Appeals *held*:

1. The trial court's ruling that the defendant is entitled to a setoff under MCL 500.3109(1); MSA 24.13109(1) for social security survivor's benefits and worker's compensation death benefits against its liability for survivor's benefits for wage loss is again affirmed.

2. The trial court erred in entering a judgment for the defendant in the amount of the benefits it had paid to the plaintiff, which included payments for wage loss, health insurance for the plaintiff, and funeral expenses. The setoff for worker's compensation death benefits is 156/500 of the redemption amount, which reflects the defendant's liability for survivor's benefits for 156 weeks under the no-fault act and the worker's compensation insurer's net liability for death benefits for 500 weeks under the worker's compensation act in the absence of a redemption. The setoff for the social security benefits cannot be determined because cost-of-living increases in those benefits are not accounted for. Funeral expenses are not allowable expenses for personal protection insurance benefits under MCL 500.3107; MSA 24.13107, and the payment for those expenses in this case should not be part of the no-fault benefits actually paid to the plaintiff. The payments for the plaintiff's health insurance at amounts to be determined on remand are, under MCL 500.3107; MSA 24.13107, subject to coordination with the social security benefits and the worker's compensation death benefits. The case must be remanded for a recalculation of the setoff to which the defendant is entitled.

Affirmed in part, vacated in part, and remanded.

INSURANCE — NO-FAULT — PERSONAL PROTECTION BENEFITS — WAGE-LOSS BENEFITS — WORKER'S COMPENSATION BENEFITS — REDEMPTIONS — PRORATION OF BENEFITS.

A no-fault insurer is entitled to offset against its liability for wage-loss benefits payable to the survivor of an insured a prorated portion of a worker's compensation death benefits redemption paid to the survivor of the insured where the redemption was intended to represent the net worker's compensation liability after a tort action against a third party; the portion of the redemption subject to a no-fault insurer's setoff against wage-loss benefits is to be in proportion to the total redemption as 156 weeks is to 500 weeks (MCL 500.3109[1]; MSA 24.13109[1]).

*Fowler, Tuttle, Clark, Coleman & Mannon* (by *Larry D. Fowler*), for the plaintiff.

*Brookover & Fleischmann, P.C.* (by *Frank A. Fleischmann*), for the defendant.

ON REHEARING

Before: MACKENZIE, P.J., and JANSEN and T. R. THOMAS*, JJ.

JANSEN, J. Plaintiff appeals as of right from a December 2, 1993, judgment of the Eaton Circuit Court in favor of defendant in this action involving no-fault automobile insurance. We affirm the order granting summary disposition, but vacate the trial court's judgment in the amount of $20,597.11, and remand for further proceedings.

On February 9, 1990, plaintiff's husband was killed in an automobile accident as he was traveling home from work. Plaintiff sought survivor's benefits for wage loss from defendant, the decedent's no-fault automobile insurance carrier. At the time of the accident, the decedent had an average weekly income of $485.21, and his income for a thirty-day period was $2,071.25. Eighty-five percent of the decedent's average wage was $1,760.56 for a thirty-day period. From February 1990 to February 1992, defendant paid the difference between the amount of social security benefits plaintiff received ($1,232 a month) and eighty-five percent of the decedent's average weekly wage for a thirty-day period ($1,760.56). Defendant also deducted the annual cost-of-living increase in social security benefits received by plaintiff.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff also had filed a claim for worker's compensation death benefits and entered into negotiations with the worker's compensation insurance carrier. Defendant moved to intervene in the case pursuant to MCL 418.847; MSA 17.237(847) and *Russell v Welcor, Inc*, 157 Mich App 351; 403 NW2d 133 (1987). A $50,000 settlement of the case included a waiver by the worker's compensation insurance carrier of its right to reimbursement from the tort claim plaintiff brought against the owner and driver of the other vehicle involved in the accident. Defendant then stopped paying benefits to plaintiff following her redemption of her worker's compensation claim in March 1992.

Plaintiff filed the instant suit for resumption of payments, claiming that they were terminated in violation of the no-fault insurance act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* Defendant had also paid plaintiff's medical and hospitalization insurance premiums, a benefit the decedent had received from his employer. These payments were terminated, and plaintiff filed a claim for them pursuant to MCL 500.3108; MSA 24.13108. Plaintiff claimed benefits for the periodic raises the decedent would have received pursuant to MCL 500.3108; MSA 24.13108, and plaintiff claimed that defendant's setoff of the raises in social security benefits was in violation of MCL 500.3108; MSA 24.13108. Plaintiff also sought interest and attorney fees on the basis that the payments from defendant were more than thirty days overdue.

Defendant answered and filed a counterclaim, alleging that it was entitled to a deduction of both the social security benefits and the worker's compensation benefits to which plaintiff might be entitled, ret-

roactive to February 9, 1990, because she had redeemed her worker's compensation claim. Defendant then moved for summary disposition pursuant to MCR 2.116(C)(8) and (10). The trial court granted summary disposition under MCR 2.116(C)(8), believing that the parties differed only in the manner in which the social security benefit setoff should be calculated. Judgment was entered in favor of defendant in the amount of $20,597.11 for overpayment of benefits to plaintiff.

Following review de novo of the record, we find that the trial court properly granted summary disposition for defendant pursuant to MCR 2.116(C)(8) because plaintiff's complaint is unenforceable as a matter of law and no factual development could possibly justify a right of recovery. *Frick v North Bank*, 214 Mich App 177, 179; 542 NW2d 331 (1995).

Under the no-fault insurance act, a decedent's survivor is entitled to recover a percentage of the decedent's average earnings for three years from the date of the accident. MCL 500.3108(1); MSA 24.13108(1). Eighty-five percent of the decedent's average wage was $1,760.56 for a thirty-day period. However, defendant is statutorily entitled to offset certain amounts from plaintiff's claim for survivor's benefits. MCL 500.3109(1); MSA 24.13109(1) provides:

> Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury.

At issue in this case are social security and worker's compensation benefits. It is well settled that social security survivor's benefits must be offset

against work-loss benefits payable for an automobile accident resulting in death where the social security benefits are paid as a result of the same fatal accident and duplicate no-fault benefits. *O'Donnell v State Farm Mutual Automobile Ins Co*, 404 Mich 524; 273 NW2d 829 (1979); see also *Popma v Auto Club Ins Ass'n*, 446 Mich 460; 521 NW2d 831 (1994), *Profit v Citizens Ins Co of America*, 444 Mich 281; 506 NW2d 514 (1993), and *Thompson v DAIIE*, 418 Mich 610; 344 NW2d 764 (1984). Similarly, worker's compensation benefits are required to be subtracted from no-fault wage-loss benefits otherwise payable for an automobile accident injury where the worker's compensation benefits are paid as a result of the same accident and duplicate no-fault benefits. *Perez v State Farm Mutual Automobile Ins Co*, 418 Mich 634; 344 NW2d 773 (1984); *Mathis v Interstate Motor Freight System*, 408 Mich 164; 289 NW2d 708 (1980). Moreover, this Court has recently held that both federal social security and state worker's compensation benefits may be offset against no-fault automobile insurance benefits. *Root v Ins Co of North America*, 214 Mich App 106; 542 NW2d 318 (1995). Accordingly, the trial court properly offset both the social security and worker's compensation benefits received by plaintiff and summary disposition was properly granted to defendant.

However, we believe that the trial court erred in entering its judgment in the amount of $20,597.11. This amount represents the entire amount of benefits paid to plaintiff, which included $15,704.42 for survivor's benefits for lost wages, $3,392.69 for health-care insurance, and $1,500 for funeral benefits. The trial court's computation fails to account for the fact that

the worker's compensation carrier waived participation in the third-party tort recovery under § 827 of the Worker's Disability Compensation Act (WDCA), MCL 418.227; MSA 17.237(827), in exchange for the redemption agreement. We find that *Sibley v DAIIE*, 431 Mich 164; 427 NW2d 528 (1988), requires that the tradeoff be recognized.

In *Gregory v Transamerica Ins Co*, 425 Mich 625, 628; 391 NW2d 312 (1986), the Supreme Court held that the amount of the full worker's disability benefits for the full period of disability, as if there had been no redemption, must be subtracted from the amount of the no-fault benefits. See also *Popma, supra*, p 476 (it is the entire amount of qualifying benefits provided, or required to be provided, by state or federal law on behalf of the claimant that determines the amount of actual setoff). However, in *Sibley, supra*, p 169, the Supreme Court stated that if the reduction in the automobile insurer's responsibility is from a source that gains reimbursement from the injured person's tort recovery, the amount so gained should not be deemed to be benefits provided within the meaning of § 3109(1) and that relieve the primarily liable automobile insurer of its responsibility to pay full benefits without reduction by reason of any tort recovery.

Therefore, we find that *Sibley* requires that any of the worker's compensation carrier's share of a third-party tort recovery must be subtracted from the statutory benefit rate. Nothing in *Sibley* suggests that only an actual deduction of a third-party tort recovery, rather than a negotiated credit, can reduce the no-fault insurer's setoff for worker's compensation benefits.

Here, because the $50,000 redemption amount appears to represent an accurate estimate of the net effect of the worker's compensation benefits less some recovery from the third-party tort action, defendant is entitled to coordination of the redemption amount, but is not entitled to a credit of the statutory benefit rate. Under the WDCA, plaintiff would have been entitled to receive worker's compensation death benefits for five hundred weeks; thus, the $50,000 redemption amount represents payment for five hundred weeks of liability for death benefits, or $100 a week. See MCL 418.321; MSA 17.237(321). Because no-fault survivor's benefits are payable for three years after the date of death, MCL 500.3108(1); MSA 24.13108(1), the worker's compensation amount to be coordinated is $100 a week for three years (156 weeks), or $15,600.

We granted rehearing, in part, because it was clear that the figures used in our prior opinion were incorrect. While the figure of $15,600 for the worker's compensation benefits to be coordinated is correct, the amount of the three-year total for the social security survivor's benefits cannot be calculated from the record. It is clear plaintiff received annual cost-of-living increases with respect to the social security benefits, and the figure of $44,352 ($1,232 a month for three years) is not the correct figure because it does not account for the cost-of-living increases. Therefore, we cannot calculate the three-year total to be coordinated for the social security benefits because we do not have evidence of the cost-of-living increases that were included. The parties will have to provide this information to the trial court on remand.

Further, the amount of the no-fault benefits actually paid to plaintiff is not $20,597.11 as originally stated. On rehearing, plaintiff notes that of that total amount, $1,500 was for funeral expenses. Under MCL 500.3107; MSA 24.13107, funeral and burial expenses are not allowable expenses for personal protection insurance benefits. Therefore, the amount of $1,500 should not be calculated as part of the no-fault benefits actually paid to plaintiff.

Finally, plaintiff also claims on rehearing that the employer-provided health-care insurance paid to plaintiff in the amount of $3,392.69 (which is part of the total amount of $20,597.11 paid to plaintiff) also should not be included as part of the net no-fault benefits actually paid to her. However, we note that MCL 500.3107; MSA 24.13107 states that work loss *and* medical expense are subject to coordination with worker's compensation and social security benefits. See also *Profit, supra,* p 283. Plaintiff maintains, without citation of any authority, that the health-care insurance is not provided by either social security benefits or worker's compensation benefits and is not eligible for setoff. Plaintiff has not cited any authority for this position, and it does not appear to be correct under MCL 500.3107; MSA 24.13107; however, plaintiff may argue this position in the trial court. Also, plaintiff's contention that defendant was obliged to pay $6,768 for the health insurance premiums, but paid only $3,392.69, will have to be presented to the trial court because we have no record evidence regarding this issue.

Accordingly, we conclude that the trial court erred in finding that plaintiff had to reimburse defendant for the entire amount of no-fault benefits actually

paid. The parties shall be permitted on remand to present evidence regarding the no-fault benefits actually paid to plaintiff, the correct amount of social security benefits paid to plaintiff (including the cost-of-living increases), the amount of health insurance benefits owed to plaintiff, and any other amounts necessary for a correct resolution of this matter.

The trial court's order granting summary disposition in favor of defendant is affirmed. We vacate the trial court's judgment in favor of defendant in the amount of $20,597.11 and remand for the trial court to take further evidence regarding the correct amount, if any, to be reimbursed to defendant. Jurisdiction is not retained.