Sawyer, J.
 

 Plaintiff Wendy Wood, individually and as personal representative of the estate of Marvin J. Wood, Jr., deceased, appeals from a decision of the circuit court in favor of defendant Auto-Owners Insurance Company on plaintiff’s claims under the no-fault act. We reverse and remand.
 

 Plaintiff’s decedent was killed in an automobile accident during the course of his employment. It is
 
 *89
 
 undisputed that defendant, the insurer of the decedent’s vehicle, is in the first order of priority for payment of no-fault benefits. Furthermore, it is undisputed that no survivor’s loss benefits for contributions of tangible things of economic value (economic loss benefits) are payable because there is a complete setoff under MCL 500.3109 for benefits received from worker’s compensation and social security. At issue is whether defendant is hable for the payment of survivor’s loss benefits for replacement services (replacement services benefits) in the amount of $20 a day under MCL 500.3108 and a funeral benefit under MCL 500.3107(l)(a). The trial court agreed with defendant that defendant was not responsible for those benefits because of the setoff provisions of MCL 500.3109. We disagree.
 

 Turning first to the issue of replacement services benefits, the question presented is whether to apply the setoff before or after applying the benefit ceiling contained in MCL 500.3108(1). That subsection provides in pertinent part as follows:
 

 Except as provided in section (2) the benefits payable for a survivor’s loss in connection with the death of a person in a single 30-day period shall not exceed $1,000.00 for accidents occurring before October 1, 1978, and shall not exceed $1,475.00 for accidents occurring on or after October 1, 1978, and is not payable beyond the first three years after the date of the accident.
 

 Subsection 3108(2) provides that the insurance commissioner shall annually adjust the máximums to reflect an increased cost of living. It is undisputed that the applicable thirty-day maximum benefit in this case is $3,688.
 

 
 *90
 
 Defendant suggests that the total survivor’s loss benefit (i.e., economic loss plus replacement services) must be determined, then the ceiling applied, then the setoff applied. Thus, in this case, the economic loss benefit appears to have been calculated at $3,643.10 a month. Adding $600 for replacement services (thirty days at $20 a day), a total monthly benefit of $4,243.10 is reached. Because this amount exceeds the thirty-day maximum benefit, that benefit would be reduced to the ceiling of $3,688. The total amount available under § 3109 for setoff is $4,712.14 each thirty days.
 
 [1]
 
 Defendant concedes that, because a set-off is available only against economic loss benefits and not replacement services benefits, the setoff amount must be reduced to $3,643.10 (the amount of the total economic loss benefit). Defendant then applies that setoff to the $3,688 maximum benefit, to reach the conclusion that it is only liable to pay a benefit of $44.90 each thirty-day period. The trial court agreed with defendant’s approach.
 

 Plaintiff offers a different approach. Plaintiff argues that, because the § 3109 setoff only applies to the economic loss benefit, the setoff should be applied before the calculation of the total survivor’s loss benefit and before applying the ceiling. Thus, plaintiff’s calculation is as follows: because the § 3109 setoff amount of $4,712.14 exceeds the economic loss benefit, the economic loss benefit is reduced to zero. Because the § 3109 setoff does not apply to the replacement services benefit, that benefit is $600 (thirty days times $20 a day). The total monthly survivor’s loss benefit is therefore $600 ($600 in replace-
 
 *91
 
 merit services benefits plus zero in economic loss benefits). Because this is less than the monthly maximum of $3,688, the full $600 monthly benefit is payable. We agree with plaintiffs approach.
 

 This question appears to be one of first impression and one that is not explicitly answered by the statute itself. We begin our analysis with the cornerstone rule of statutory inteipretation, as set forth by the Supreme Court in
 
 Roberts v Mecosta Co General Hosp,
 
 466 Mich 57, 63; 642 NW2d 663 (2002):
 

 An anchoring rule of jurisprudence, and the foremost rule of statutory construction, is that courts are to effect the intent of the Legislature.
 
 People v Wager,
 
 460 Mich 118, 123, n 7; 594 NW2d 487 (1999). To do so, we begin with an examination of the language of the statute.
 
 Wickens v Oakwood Healthcare System,
 
 465 Mich 53, 60; 631 NW2d 686 (2001). If the statute’s language is clear and unambiguous, then we assume that the Legislature intended its plain meaning and the statute is enforced as written.
 
 People v Stone,
 
 463 Mich 558, 562; 621 NW2d 702 (2001). A necessary corollary of these principles is that a court may read nothing into an unambiguous statute that is not within the manifest intent of the Legislature as derived from the words of the statute itself.
 
 Omne Financial, Inc v Shacks, Inc,
 
 460 Mich 305, 311; 596 NW2d 591 (1999).
 

 Turning to the statute at issue here, MCL 500.3108(1) provides in pertinent part that “the benefits payable for a survivor’s loss in connection with the death of a person in a single 30-day period shall not exceed . . . .” The clear and unambiguous words of the statute reflect that § 3108 imposes a limit on the benefits payable, not the benefits receivable. That is, it is a limitation on the amount the insurer actually has to pay, not on the amount the insured is to receive.
 

 
 *92
 
 Furthermore, the Supreme Court has recognized that the purpose behind § 3109 is to prevent the recovery of duplicate benefits.
 
 Popma v Auto Club Ins Ass’n,
 
 446 Mich 460, 477; 521 NW2d 831 (1994). This purpose would not be served, however, by following defendant’s calculation method. Defendant’s method effectively allows the setoff to be applied to non-duplicate benefits. In sum, defendant’s interpretation violates the clear and unambiguous words of the statute, as well as being inconsistent with the recognized purpose of the statute.
 

 On the other hand, plaintiff’s interpretation not only conforms to the clear and unambiguous words of the statute, but it is also consistent with the purpose of the statute. That is, plaintiff seeks to recover nonduplicate benefits.
 

 Turning to the issue of the funeral benefit, plaintiff argues that the trial court erred in concluding that the setoff provision of § 3109 applies. We agree. The trial court concluded that, because plaintiff received a funeral benefit under worker’s compensation that exceeded the $5,000 maximum, the § 3109 setoff for the funeral benefit reduced the funeral benefit under § 3107 to zero. However, once again the clear and unambiguous words of the statute do not support the trial court’s interpretation. MCL 500.3107(l)(a) provides in pertinent part as follows: “Allowable expenses within personal protection insurance coverage shall not include . . . funeral and burial expenses in the amount set forth in the policy which shall not be less than $1,750.00 or more than $5,000.00.” Furthermore, as noted above, subsection 3109(1) provides for a setoff against “personal protection insurance benefits otherwise payable for the injury.”
 

 
 *93
 
 The clear and unambiguous language of § 3107 establishes that the funeral and burial expenses benefit under an insurance policy is not personal protection insurance coverage.
 
 [2]
 
 Further, the clear and unambiguous language of § 3109 establishes a setoff against personal protection insurance benefits. Therefore, there can be no setoff under § 3109 against funeral and burial expenses.
 

 Defendant cites Michigan No-Fault Automobile Cases: Law & Practice (2d ed, 2000 Cum Supp, ICLE), p A-16 for the proposition that, in adopting the current version of § 3107, the Legislature unintentionally omitted the words “excess of” from the statute, which had been in the previous version of the statute, and that the portion of § 3107 quoted above should read: “Allowable expenses within personal protection insurance coverage shall not include . . . funeral and burial expenses in
 
 excess of
 
 the amount set forth in the policy . . . .”
 

 Defendant’s argument, however, must fail. Even if we were convinced beyond all doubt that the Legislature unintentionally omitted the words “excess of” from the statute, we cannot reinsert them. We must accept the clear and unambiguous language of the statute as written.
 
 Roberts, supra.
 
 The statute as written clearly excludes the funeral and burial expense benefit under a no-fault insurance policy from the personal protection insurance coverage. In short, if the Legislature did unintentionally omit those words
 
 *94
 
 from the statute, it is for the Legislature, not the courts, to reinsert them.
 
 [3]
 

 For the above reasons, we conclude that the trial court erred in holding that plaintiff was not entitled to the full replacement services benefit and was not entitled to the funeral and burial expense benefit. On remand, the trial court shall determine the replacement services and the funeral and burial expense benefits to which plaintiff is entitled without applying the setoff provisions of § 3109.
 

 Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Plaintiff may tax costs.
 

 [1]
 

 $2,513.14 from worker’s compensation and $2,199 from social security.
 

 [2]
 

 This Court reached this same conclusion, without analysis, in
 
 McCain v Auto-Owners Ins Co (On Rehearing),
 
 223 Mich App 327, 335; 566 NW2d 629 (1997).
 

 [3]
 

 Defendant does point to a failed attempt by the Legislature to reinsert the words “excess oF into § 3107. However, because that attempt failed, it does not affect the interpretation of the statute as it exists.